MILLER, Administrator, Appellant, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Respondent.

*March 11—March 31, 1908.*

*Passenger: Contributory negligence: Riding on platform: Trial court's finding: Conclusiveness.*

1. A passenger riding on the platform of a nonvestibuled railroad car from his own choice (there being seats inside) and contrary to the posted rules of the railway company, in the nighttime, during or soon after a severe rainstorm, and while the train was running very fast, is *held*, as matter of law, to have been guilty of contributory negligence.

2. The decision of the trial court on a question of fact will not be disturbed by this court unless contrary to the clear preponderance of the evidence.

APPEAL from a judgment of the circuit court for Juneau county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Action to recover compensation for the death of plaintiff's intestate.

The issues are sufficiently indicated by the following: A jury was waived and the case submitted to the court on the evidence and agreed facts. These are such facts: September 12, 1903, plaintiff's intestate was a passenger on one of defendant's passenger trains. It negligently ran such train into a washout caused by a severe rainstorm. Plaintiff's intestate, at that time, from his own choice was riding on one of the car platforms which was not vestibuled. There was ample opportunity for him to have occupied a seat in the car. The end of the car upon which he was riding and the adjoining end of the next car, because of the train going into the washout, were crushed together, imprisoning and injuring the intestate, in consequence of which he died shortly after being released. No one riding inside the car was killed.

The deceased was a married man forty-five years of age and left a widow and several children who were dependent upon him for support. If plaintiff is entitled to recover at all, damages should be assessed at $5,000.

There was undisputed evidence of a notice being in the car in a conspicuous place warning passengers not to ride on the platform.

The court found in accordance with the foregoing and found further, as a fact, that the deceased in standing upon the platform, as he did at the time of the accident, was guilty of negligence which contributed proximately to cause his death. It found as a conclusion of law that defendant was entitled to judgment dismissing the action with costs. Judgment was rendered accordingly.

For the appellant there were briefs by *Dunwiddie & Wheeler,* and oral argument by *B. F. Dunwiddie* and *Wm. G. Wheeler.*

For the respondent there was a brief by *James B. Sheean* and *Carl C. Pope,* attorneys, and *Thomas Wilson,* of counsel, and oral argument by *Mr. Sheean.*

Marshall, J.   There seems to be some misunderstanding on the part of counsel as to what was submitted to the trial court for adjudication. Appellant's counsel contend that the sole question submitted was whether, on the agreed facts, plaintiff was entitled to recover, depending on whether as matter of law the deceased was guilty of contributory negligence. They support the affirmative by authorities holding that it is not inconsistent with ordinary care for a person to ride upon the platform of a rapidly moving railroad car while he is with reasonable diligence in quest of an opportunity to occupy a seat inside (*Dewire v. B. & M. R. Co.* 148 Mass. 343, 19 N. E. 523), or where the car is so crowded that no such accommodation is readily obtainable (*Ward v. C., M. & St. P. R. Co.* 102 Wis. 215, 78 N. W. 442), or

for one to leave the car and go upon the platform because of being sick (*Morgan v. L. S. & M. S. R. Co.* 138 Mich. 626, 101 N. W. 836), or go, according to custom, to and from a smoking car (*Costikyan v. R., W. & O. R. Co.* 58 Hun, 590, 12 N. Y. Supp. 683), none of which apply to a case of riding from mere choice in such a position under the peculiar facts of this case. For further support counsel refer to cases ruled by the doctrine of comparative negligence, overlooking, it seems, that the rule has long prevailed here in harmony with that of the supreme court of the United States and the judicial policy in most of the states, that if a person is injured, his own want of ordinary care contributing to any extent to produce it, he is remediless. *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 346, 84 N. W. 446.

In short, the support for counsel's position goes no further than that the question whether the deceased was guilty of contributory negligence on the occasion in question, had there been a jury, should have been submitted to it for solution, and otherwise should have been, as it was, passed upon by the court.

Counsel for respondent contend that the question of law and the one of fact above indicated were within the submission to the trial court, and in support of the affirmative as to the former refer to numerous cases holding that if a person unnecessarily and for his own pleasure rides in an exposed position, as the deceased did, and is injured because of his so riding, neither such person nor his personal representative can recover compensation therefor. The following are the authorities relied on and others of the same character: *Ward v. C., M. & St. P. R. Co., supra; C., L. & A. E. St. R. Co. v. Lohe,* 68 Ohio St. 101, 67 N. E. 161; *Hickey v. B. & L. R. Co.* 14 Allen, 429, 432; *Gavett v. M. & L. R. Co.* 16 Gray, 501; *Fletcher v. B. & M. R. Co.* 187 Mass. 463, 73 N. E. 552; *Pike v. B. E. R. Co.* 192 Mass. 426, 78 N. E. 497; *Scheiber v. C., St. P., M. & O. R. Co.* 61 Minn. 499,

63 N. W. 1034; *Thane v. Scranton T. Co.* 191 Pa. St. 249, 43 Atl. 136; *Bumbear v. United T. Co.* 198 Pa. St. 198, 47 Atl. 961; *Woodroffe v. R., C. H. & N. R. Co.* 201 Pa. St. 521, 51 Atl. 324; *Burns v. Johnstown P. R. Co.* 213 Pa. St. 143, 62 Atl. 564; *McDade v. Phila. R. T. Co.* 215 Pa. St. 105, 64 Atl. 327; *State ex rel. Miller v. Western Md. R. Co.* 105 Md. 30, 65 Atl. 635; *L. R. & Ft. S. R. Co. v. Miles,* 40 Ark. 298; *Cleveland, C., C. & St. L. R. Co. v. Moneyhun,* 146 Ind. 147, 44 N. E. 1106; *Worthington v. Cent. Vt. R. Co.* 64 Vt. 107, 23 Atl. 590; *Goodwin v. B. & M. R. Co.* 84 Me. 203, 24 Atl. 816.

These quotations indicate the trend of such cases and the distinction therein recognized between such a situation as the one in hand and those dealt with in the cases mainly referred to on behalf of appellant:

"When a passenger rides on the side steps with the knowledge and consent of the conductor and from necessity from the want of room to sit or stand inside the car, he is entitled to the same degree of diligence as other passengers to protect him from known and avoidable dangers. But a passenger who rides on a side step when it is reasonably practicable for him to sit or stand inside the car, takes upon himself the risk of his position from any cause." *Woodroffe v. R., C. H. & N. R. Co., supra.*

"For an injury received by a passenger on a steam railroad by reason of a collision or derailment while standing upon the platform, in violation of the known rules of the company, there being vacant seats in the car, there can be no recovery against the railroad company." *C., L. & A. E. St. R. Co. v. Lohe, supra.*

"The injury he received . . . was the direct consequence of his position, and would not have been received had he been inside. Whether he would have received some other injury, equal or greater, is conjectural and irrelevant. If he is to recover at all it must be for the injuries received, not for what he might have received under different circumstances. . . . What the passenger took upon himself was the risk of

Miller v. Chicago, St. P., M. & O. R. Co. 135 Wis. 247.

his position from any cause." *Thane v. Scranton T. Co.,* *supra.*

"There is but one reasonable inference to be deduced from the facts relative to the act of appellee's ward, . . . and that is to the effect that his own negligence contributed to said injuries. . . . While it is true that it was a duty incumbent upon the railroad company to furnish a seat within its car for each passenger taken aboard of its train, and not merely standing room in the aisle of the car, the mere fact, however, that he was compelled to accept standing room would not justify him to voluntarily leave a place of safety and go to one of peril." *Cleveland, C., C. & St. L. R. Co. v. Moneyhun, supra.*

Whether the principle thus declared necessarily rules this case we do not need to and do not decide. The trial court adopted the view most favorable to appellant, to wit: that there was room in the conceded facts for conflicting reasonable inferences; that under all the circumstances, particularly that it was in the nighttime, that a severe rainstorm was either in progress or had very recently occurred, that the train was running very fast, and that no one inside the car was killed, it could not be well held as matter of law that the deceased was not guilty of want of ordinary care contributing to his death. We concur in that view. The decision of the trial court on the question of fact, under a familiar rule, cannot be disturbed unless contrary to the clear preponderance of the evidence. It is considered that the question in that regard must be answered in respondent's favor.

*By the Court.*—The judgment is affirmed.