STATE of Wisconsin, Plaintiff-Respondent,

v.

Colleen WEST, Defendant-Appellant.†

Court of Appeals

*No. 93–0253–CR. Submitted on briefs October 8, 1993.—Decided December 23, 1993.*

(Also reported in 512 N.W.2d 207.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Jeffrey D. Knickmeier* of Stoughton.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general and *David J. Becker,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   In this appeal we decide that a criminal defendant who has been released from custody under ch. 969, Stats., and commits a crime in another jurisdiction violates the bail jumping statute, sec. 946.49, Stats. We further decide that such a criminal defendant is not twice put in jeopardy of punishment when he or she is charged with bail jumping. We therefore affirm the judgment of conviction and the order denying defendant's motions for postconviction relief.

Defendant Colleen West was released on bail pending trial on felony charges in Wisconsin. While released she was convicted of felony theft in the Toledo, Ohio, Municipal Court, Criminal Branch. She was subsequently convicted in Dane County Circuit Court of bail jumping because she violated the condition of her release on bail that she not commit a crime. That condition was required by sec. 969.03(2), Stats., which provides: "As a condition of release in all cases, a person released under this section shall not commit any crime."

The bail jumping statute, sec. 946.49(1), Stats., provides in part:

Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond is:

. . . .

(b) If the offense with which the person is charged is a felony, guilty of a Class D felony.

West claims that she did not violate the condition of her release because she was not convicted of a "crime." She contends that "crime," for purposes of release on bail, means only a crime committed in the State of Wisconsin. Section 939.12, Stats., provides in part: "A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both." West argues that the only sensible interpretation of "state law" is that it means a law of the State of Wisconsin. She notes that sec. 939.03(1), Stats., provides in part: "A person is subject to prosecution and punishment under the law of this state if: (a) He commits a crime, any of the constituent elements of which takes place in this state . . . ." Section 939.03(2), Stats., provides: "In this section 'state' includes area within the boundaries of the state . . . ."

West further claims that she has already been punished for the Ohio crime and cannot be twice put in jeopardy of punishment for that crime, contrary to the fifth amendment to the United States Constitution and sec. 8, art. I of the Constitution of the State of Wisconsin.

The state asserts that the words "crime" in sec. 969.03(2), Stats., and "state" in sec. 939.12, Stats., are ambiguous. It therefore searches other sections of the statutes to determine their meaning. We do not accept the state's assertion that the applicable statutes are ambiguous. *See DOR v. EAA Aviation Found., Inc.*, 143 Wis. 2d 681, 422 N.W.2d 458 (Ct. App. 1988).

■■■

We conclude that "crime" is defined in sec. 939.12, Stats., only for purposes of chs. 939 to 948 and 951. Section 939.22, Stats., provides that in chapters 939 to 948 and 951, "the following words and phrases have the designated meanings unless the context of a specific section manifestly requires a different construction . . .: (6) 'Crime' has the meaning designated in s. 939.12." Given the purposes of bail and other conditions of release, we conclude that "crime," as used in sec. 969.03(2), Stats., should be given its commonly understood meaning. We may look to the dictionary definition of a word used in an otherwise unambiguous statute. *State ex rel. Girouard v. Circuit Court for Jackson County*, 155 Wis. 2d 148, 156, 454 N.W.2d 792, 796 (1990). WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 536 (unabr. ed. 1976), provides a generic definition of "crime" which we conclude is appropriate to apply to sec. 969.03(2): "an offense against the social order . . . that is dealt with by community action rather than by an individual or kinship group." West's conduct for which she was prosecuted in Ohio meets that definition.

■■■

A defendant arrested for a criminal offense is eligible for release "under reasonable conditions designed to assure his or her appearance in court, *protect members of the community from serious bodily harm* or prevent the intimidation of witnesses." Section 969.01(1), Stats. (emphasis added). It is an unreasonable construction of "community" to argue, as does West, that the condition of her bail that she not commit a crime is confined to her conduct within this state. We must reject an unreasonable or absurd interpretation of a statute. *State v. Zielke*, 137 Wis. 2d 39, 51, 403

N.W.2d 427, 432 (1987). We refuse to give "community" so narrow a construction. We therefore conclude that when West was charged and convicted in Ohio of theft, she committed a "crime" and intentionally violated an express condition of her bond.

We next consider West's claim that when the state charged West with bail jumping, she was twice put in jeopardy of punishment for the same offense contrary to the double jeopardy clauses of the state and federal constitutions. West relies heavily on *Grady v. Corbin*, 495 U.S. 508 (1990). *Grady* was overruled in *United States v. Dixon*, 509 U.S. —, 125 L. Ed. 2d 556 (1993). Since *Blockburger v. United States*, 284 U.S. 299, 304 (1932), Wisconsin courts have followed the "additional elements" test to determine whether a defendant's right to be free from multiple punishments is violated. *See State v. Johnson*, 178 Wis. 2d 42, 48, 503 N.W.2d 575, 576 (Ct. App. 1993).

It is not necessary, however, that we see where that test leads us in this case because West's prosecution for bail jumping is clearly permitted under the dual sovereignty doctrine. In *Heath v. Alabama*, 474 U.S. 82, 88 (1985) (quoting *Moore v. Illinois*, 55 U.S. (14 How.) 13, 20 (1852)), the court said:

> [W]hen the same act transgresses the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses, for each of which he is justly punishable."

797

We therefore affirm the judgment convicting West of bail jumping and affirm the order denying her motions for postconviction relief.

*By the Court.*—Judgment and order affirmed.