Lesley THOMAS, n/k/a Lesley Coulter, Plaintiff-Appellant,†

v.

Michael J. BICKLER, General Casualty Company of Wisconsin, Valley Forge Insurance Company, Defendants-Third-Party Plaintiffs,

OCONOMOWOC LAKE CLUB, Defendant-Third-Party Plaintiff-Respondent,

PRIMECARE HEALTH PLAN, INC., Defendant,

v.

BARTOLOTTA FIREWORKS COMPANY, General Star Indemnity Company, Third-Party Defendants-Respondents,

VILLAGE OF OCONOMOWOC LAKE, Wausau Underwriters Insurance Company, Third-Party Defendants.

Melissa SCHMIDT, Plaintiff,

HUMANA EMPLOYERS HEALTH INSURANCE CO., Involuntary-Plaintiff,

v.

Michael J. BICKLER, General Casualty Company of Wisconsin, Oconomowoc Lake Club, Defendants,

† Petition to review denied 12-10-02.

304

VALLEY FORGE INSURANCE COMPANY, Defendant-Third-Party Plaintiff,

v.

BARTOLOTTA FIREWORKS COMPANY, General Star Indemnity Company, Village of Oconomowoc Lake, Wausau Underwriters Insurance Company, Third-Party Defendants.

Court of Appeals

*No. 01–2006. Submitted on briefs June 5, 2002.—Decided October 1, 2002.*

2002 WI App 268

(Also reported in 654 N.W.2d 248.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James J. Murphy* and *Keith R. Stachowiak* of *Murphy, Gillick, Wicht & Prachthauser*, of Milwaukee.

On behalf of the defendant-third-party plaintiff-respondent Oconomowoc Lake Club and third-party defendant respondent Bartolotta Fireworks Company, the cause was submitted on the joint brief of *Kevin A. Christensen* of *Leib & Katt, S.C.*, of Milwaukee, for Oconomowoc Lake Club, and *Phillip C. Theesfeld*, of *Baxter & O'Meara, S.C.*, of Milwaukee, for Bartolotta Fireworks Company.

Amicus Curiae brief was filed by *Mark L. Thomsen* of *Cannon & Dunphy, S.C.*, of Brookfield, for the Wisconsin Academy of Trial Lawyers.

Before Fine, Schudson and Curley, JJ.

¶ 1.  SCHUDSON, J.   Lesley Thomas (n/k/a Lesley Coulter) appeals from the circuit court judgment, following a jury trial in her negligence action. She contends that the circuit court erred in concluding that Oconomowoc Lake Club and Bartolotta Fireworks Company were not jointly and severally liable for her damages. She argues that because she was free of any negligence, the 1995 amendment to the comparative negligence statute, WIS. STAT. § 895.045(1)

(1999–2000),[2] modifying joint and several liability, does not apply. We disagree and, therefore, affirm.

## I. BACKGROUND

¶ 2.   The relevant facts are undisputed. On July 4, 1998, Thomas, while watching a fireworks display, was seriously injured when she was struck by an errant shell after a rack used to launch the fireworks tipped over. She sued the Oconomowoc Lake Club, Bartolotta Fireworks, and the Village of Oconomowoc Lake. The defendants stipulated that Thomas was not negligent.

¶ 3.   The jury awarded damages of $2,808,008.91, apportioning the causal negligence among the defendants: Oconomowoc Lake Club—50%; Bartolotta Fireworks Company—19%; and the Village of Oconomowoc Lake—31%. The case against the Village was later dismissed; only the recoveries against the Oconomowoc Lake Club and Bartolotta are at issue in this appeal.

¶ 4.   In motions after verdict, Thomas argued that because she was free of any negligence, the amendment to Wis. Stat. § 895.045,[3] modifying joint and several

---

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] The legislature amended Wis. Stat. § 895.045 (1993–94), as follows:

> **Section 1.** 895.045 of the statutes is renumbered 895.045 (1) and amended to read:
>
> 895.045 (1) (title) *Comparative negligence.* Contributory negligence *does* not bar recovery in an action by any person or the *person's* legal representative to recover damages for negligence resulting in death or in injury to person or property, if *that* negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall

308

liability, did not apply to her case. The circuit court disagreed. Analyzing the amended portion of the statute, the circuit court quoted the last three sentences of § 895.045(1) and then concluded:

> There is nothing in these portions of the statute which references a non-negligent plaintiff and the title of the [statutory] section is not part of the statute. [WIS. STAT. § 990.001(6)]. The statute appears clear and unambiguous and needs no interpretation through extrinsic material . . . . [I]t appears that a tortfeasor who is less than 51% negligent cannot be held jointly and severally liable . . . . [And] it appears that the intent of the legislature was to equitably apportion negligence between or among joint tortfeasors.

Thus, consistent with its analysis, the circuit court entered judgment against the Oconomowoc Lake Club for 50% of the damages award and against Bartolotta for 19% of the award.

## II. ANALYSIS

¶ 5. Thomas argues that the legislature's 1995 amendment to WIS. STAT. § 895.045 does not apply to her case because she was not negligent. She contends that the final three sentences of the statute must be read in context with the entire statute that, as mea-

---

be diminished in the proportion to the amount of negligence *attributed* to the person recovering. *The negligence of the plaintiff shall be measured separately against the negligence of each person found to be causally negligent. The liability of each person found to be causally negligent whose percentage of causal negligence is less than 51% is limited to the percentage of the total causal negligence attributed to that person. A person found to be causally negligent whose percentage of causal negligence is 51% or more shall be jointly and severally liable for the damages allowed.*

1995 Wis. Act 17, § 1 (italics indicating amended language added; stricken language omitted).

sured by its title and first sentence, apparently refers to circumstances involving plaintiffs who are contributorily negligent. Accordingly, she maintains that the amended portion of the statute does not apply "to a plaintiff who is free from all negligence."

¶ 6. Thomas offers an intriguing theory. She maintains that because the common law distinguishes plaintiffs who are free from negligence from those who are not, *see, e.g., Miller v. Chicago, St. Paul, Minneapolis & Omaha Ry.*, 135 Wis. 247, 249, 115 N.W. 794 (1908), and because statutes in derogation of the common law must be strictly construed so as not to alter the common law unless such legislative intent is clear beyond a reasonable doubt, *see, e.g., Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 74, 307 N.W.2d 256 (1981), and because the amendment to Wis. Stat. § 895.045 cannot be construed to alter the common law, her undisputed lack of any contributory negligence carries her beyond the statute's grasp. And Thomas asserts that the supreme court's recent declarations in *Fuchsgruber v. Custom Accessories, Inc.*, 2001 WI 81, 244 Wis. 2d 758, 628 N.W.2d 833, and *Matthies v. Positive Safety Manufacturing Co.*, 2001 WI 82, 244 Wis. 2d 720, 628 N.W.2d 842, which might appear to extend the statute to her case, were *dicta* and, therefore, do not control.

¶ 7. We conclude that Thomas' theory is refuted by the clear and unambiguous words of Wis. Stat. § 895.045(1). Further, any lingering doubt is erased by both the statute's legislative history and by the supreme court's comments in *Fuchsgruber* and *Matthies*.

¶ 8. Whether Wis. Stat. § 895.045(1) applies in circumstances where a plaintiff was not contributorily negligent is an issue requiring statutory interpretation

and application, thus presenting a question of law subject to our *de novo* review. *Wisconsin Cent. Ltd. v. DOR*, 2000 WI App 14, ¶ 9, 232 Wis. 2d 323, 606 N.W.2d 226, *review granted,* 2000 WI 36, 234 Wis. 2d 175, 612 N.W.2d 732 (Wis. Mar. 20, 2000) (No. 99–0194). When interpreting a clear and unambiguous statute, we need not look beyond the statutory language to ascertain its meaning; we may, however, construe such a statute "if a literal application would lead to an absurd or unreasonable result," *Coca-Cola Bottling Co. of Wis. v. La Follette*, 106 Wis. 2d 162, 170, 316 N.W.2d 129 (Ct. App. 1982), and we also may refer to legislative history for further confirmation of our interpretation, *see Seider v. O'Connell*, 2000 WI 76, ¶ 52, 236 Wis. 2d 211, 612 N.W.2d 659.

¶ 9. Thomas contends that under the common law, plaintiffs who were not contributorily negligent could recover all of their damages from any and all liable defendants irrespective of the defendants' assessed causal negligence. Citing *Brown v. Haertel*, 210 Wis. 354, 359, 246 N.W. 691 (Rehearing 1933), and *Walker v. Kroger Grocery & Baking Co.*, 214 Wis. 519, 535–36, 252 N.W. 721 (1934), she asserts that the case law enunciated that WIS. STAT. § 331.045, the predecessor to WIS. STAT. § 895.045, "did not effect [sic] or alter the common law in the case of plaintiffs who were entirely free of any negligence." We disagree.

¶ 10. Although certain passages from these cases at first might seem to offer some tangential support for Thomas' argument, the cases are not only distinguishable, but also inapplicable in light of the statutory modification of the common-law doctrine of joint and several liability. First, both *Brown* and *Walker* concerned the right of one defendant to obtain contribution from another; hence, the courts were faced with issues

not presented here. Second, because comparative negligence law, in general, and the doctrine of joint and several liability, in particular, are now controlled by statute, not common law, Thomas' argument has lost the common-law foundation on which it once might have been built. *See Fuchsgruber*, 2001 WI 81 at ¶ 19; *see also Matthies*, 2001 WI 82 at ¶ 9.[4]

¶ 11.   At common law, a plaintiff's contributory negligence, of any amount, served as an absolute defense and barred a plaintiff's recovery of any damages. *See, e.g., Brewster v. Ludtke*, 211 Wis. 344, 346, 247 N.W. 449 (1933); *Crane v. Weber*, 211 Wis. 294, 296, 247 N.W. 882 (1933) ("The collision occurred before enactment by the legislature of the comparative negligence statute so that contributory negligence is an absolute defense to the action.") Indeed, the Wisconsin Legislature, recognizing this harsh effect, departed from the common law by enacting WIS. STAT. § 331.045, which, for the first time, allowed a plaintiff to recover damages in situations in which the plaintiff's negligence was "not as great as the negligence of the person against whom recovery [was] sought." *See* WIS. STAT. § 331.045.[5]

---

[4] BLACK'S LAW DICTIONARY defines common law:

> As distinguished from statutory law created by the enactment of legislatures, the common law comprises the body of those principles and rules of action, relating to the government and security of persons and property, which derive their authority solely from . . . the judgments and decrees of the courts . . . . In general, it is a body of law that develops and derives through judicial decisions, as distinguished from legislative enactments.

BLACK'S LAW DICTIONARY 276 (6th ed. 1990).

[5] Laws of 1931, ch. 242, § 1, created WIS. STAT. § 331.045, which provided in pertinent part:

> Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negli-

¶ 12. In 1971, the legislature revised the statute by substituting the words "greater than" for "as great as," thus modifying the comparative negligence standard to permit recovery when a plaintiff's negligence was not "greater than" the negligence of the person against whom recovery was sought. *See* Laws of 1971, ch. 47. And in 1995 the legislature amended the statute by: (1) codifying the supreme court's interpretation that in negligence actions against multiple defendants, the plaintiff's negligence is compared against the separate rather than the combined negligence of the defendants for purposes of determining liability; and (2) modifying joint and several liability. *See* 1995 Wis. Act 17, § 1; *Fuchsgruber*, 2001 WI 81 at ¶ 13; *see also* James P. End, Comment, *The Open and Obvious Danger Doctrine: Where Does It Belong in Our Comparative Negligence Regime?*, 84 Marq. L. Rev. 445, 448 (2000); *see also* Wis JI—Civil 1007.

¶ 13. Thus, for many years under the common law, and continuing until the 1995 amendment of Wis. Stat. § 895.045, joint and several liability applied as long as the plaintiff's negligence did not exceed that of the individual defendant. *See Wisconsin Natural Gas Co. v. Ford, Bacon & Davis Constr. Corp.*, 96 Wis. 2d 314, 330–32, 291 N.W.2d 825 (1980). As the supreme court explained, commenting on the interplay between the common-law doctrine and the statute before its most recent amendment:

> Shortly after our legislature enacted the comparative negligence statute, this court held that the com-

---

gence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering.

313

mon law doctrine of joint and several liability retained its vitality under the statute [WIS. STAT. § 895.045]:

> "Sec. . . . [895.045] does not change the common-law rule as to the extent to which every joint tortfeasor, who is liable at all, is liable for such damage as the injured person is now entitled to recover. At common law the injured person could not recover at all, if there was some negligence on his part which contributed to his injury. But, if he was entirely free from negligence, every one of the several tortfeasors, whose negligence was a cause of the injury, was liable for all of the resulting damage even though the negligence attributable to one of them may have been insignificant in proportion to the negligence of the others . . . . [T]here exists now, by virtue of the statute, a right to recover, subject, however, to the limitation prescribed by the statute, but the damage[s] allowed shall be diminished in proportion to the negligence attributable to the person recovering. That is the only limitation prescribed in respect to the amount recoverable. Otherwise, there is no provision which effects any change in the common-law rule that all tortfeasors who are liable at all, are liable to the injured person for the entire amount now recoverable by him.

*Id.* at 331–32 (quoting *Walker,* 214 Wis. at 535–36).

¶ 14. The 1995 amendment to WIS. STAT. § 895.045, however, accomplished precisely what the pre-amended statute had not—it modified the common-law doctrine of joint and several liability. Under WIS. STAT. § 895.045(1), a joint tortfeasor cannot be jointly

and severally liable unless he or she is found to be 51% or more causally negligent. And, contrary to Thomas' contention, the statute applies in instances where the plaintiff has no contributory negligence.

¶ 15. The amendment to WIS. STAT. § 895.045 is but the latest reflection of long-standing concerns about the inequities associated with the distribution of liability between and among joint tortfeasors. *Cf. Bielski v. Schulze*, 16 Wis. 2d 1, 7, 114 N.W.2d 105 (1962) (in which the supreme court abolished the common-law rule of equal distribution of contribution among joint tortfeasors in favor of pro rata allocation of contribution).[6] While the courts have repeatedly resisted the temptation to modify joint and several liability to conform to the law of contribution articulated in *Bielski, see Chille v. Howell*, 34 Wis. 2d 491, 500, 149 N.W.2d 600 (1967) (joint and several liability imposed on driver whose causal negligence was twenty percent); *Fitzgerald v. Badger State Mut. Cas. Co.*, 67 Wis. 2d 321, 331–32, 227 N.W.2d 444 (1975) (joint and several liabil-

---

[6] In *Bielski v. Schultze*, 16 Wis. 2d 1, 114 N.W.2d 105 (1962), the supreme court, addressing the doctrine of contribution, observed:

> If the doctrine is to do equity, there is no reason in logic or in natural justice why the shares of common liability of joint tortfeasors should not be translated into the percentage of the causal negligence which contributed to the injury. This is merely a refinement of the equitable principle. It is difficult to justify, either on a layman's sense of justice or on natural justice, why a joint tort-feasor who is five percent causally negligent should only recover 50% of the amount he paid to the plaintiff from a co-tort-feasor who is 95% causally negligent, and conversely why the defendant who is found five percent causally negligent should be required to pay 50% of the loss by way of reimbursement to the co-tort-feasor who is 95% negligent.

*Id.* at 9.

ity imposed on defendant whose liability was thirty percent), the Wisconsin Legislature has chosen otherwise, thus preventing the unfairness that would come to minimally negligent defendants who otherwise would bear the burden of principally culpable but judgment-proof defendants.[7]

¶ 16.   Had the legislature intended to limit the application of the amendment, as Thomas would wish, it could have said so; it did not. In fact, the drafting records to 1995 Wis. Act 17, § 1, indicate that the legislature considered and rejected a broader scope of

---

[7] Understandably, Thomas maintains that applying WIS. STAT. § 895.045(1) to a plaintiff who is free of any negligence would also be unfair. She argues, therefore, that, as a matter of equity, the statute should not apply. We are not convinced.

Were we to abide by Thomas' interpretation, it would, in some instances, lead to unreasonable results. *See State v. West*, 181 Wis. 2d 792, 796, 512 N.W.2d 207 (Ct. App. 1993) (Basic rules of statutory construction dictate that statutes must be interpreted to avoid unreasonable results.).

Assume, for example, a jury found Plaintiff 1% negligent, Defendant A 1% negligent, and Defendant B 98% negligent. Assume also that Defendant B is immune or judgment proof. Under WIS. STAT. § 895.045(1), Defendant A is responsible for 1% of plaintiff's damages.

But assume the jury finds Plaintiff 0% negligent, Defendant A 1% negligent, and Defendant B 99% negligent. Under Thomas' interpretation of WIS. STAT. § 895.045(1), Defendant A would be responsible for 100% of plaintiff's damages. Clearly, this is would be an unreasonable result.

Under any of several formulations of joint-and-several liability law, including Wisconsin's current statutory scheme, absolute equity will not be possible in all cases. The legislature, however, was entitled to balance the scales in the manner it concluded would most often provide relative fairness to plaintiffs and defendants. *See* WIS. CONST. art. IV, § 1.

liability for joint tortfeasors. The records show that the Committee on Judiciary offered Assembly Substitute Amendment 1 to 1995 Senate Bill 11, which stated:

Except as provided in this subsection and subs. (2) and (3), *the liability of each person found to be causally negligent whose percentage of causal negligence is less than 15% is limited to the percentage of total causal negligence attributed to that person. Any person whose percentage of causal negligence is less than 15% shall be jointly and severally liable for the damages allowed if the person's causal negligence is at least twice that of the causal negligence of the person recovering or the causal negligence of the person recovering is 0%, and only to the extent of the limits of any applicable insurance of the person whose percentage of causal negligence is less than 15%.*

1995 S.B. 11 (quoting A.S.A. 1) (emphasis added). On April 6, 1995, after a motion to revive, Assembly Substitute Amendment 1 was voted down. Clearly, the history of this proposed amendment establishes that the legislature considered and rejected the concept of joint and several liability that Thomas seeks to advance.

¶ 17. Moreover, in its two cases addressing the amendment to the statute, the supreme court has neither qualified the legislative statements nor suggested that the statute applies only if a plaintiff is contributorily negligent. *See Fuchsgruber*, 2001 WI 81; *Matthies*, 2001 WI 82. To the contrary, the court has intimated that the statute applies in negligence actions without limitation.

¶ 18. In *Fuchsgruber*, the supreme court considered whether the comparative negligence statute applied to cases involving strict product liability actions. *Fuchsgruber*, 2001 WI 81 at ¶ 2. The court concluded

317

that the statute did not apply because "[s]trict liability for injuries caused by defective and unreasonably dangerous products . . . is liability in tort, not liability for negligence." *Id.* The court explained that

> strict product liability is not negligence; the concept of contributory negligence is simply borrowed from negligence law and transplanted in product liability theory for purposes of making the defense available to sellers. Neither the availability of this defense, nor the availability of contribution rights among defendants, means that strict product liability is actually negligence for all intents and purposes, including application of the comparative negligence statute.

*Id.* at ¶ 27. The court stated, without limitation, that one of the two "apparent purposes" of the amendment was "the modification of joint and several liability." *Id.* at ¶ 13. The court explained:

> The 1995 amendment had two apparent purposes: 1) the codification of the pre-existing requirement in negligence actions that, where there are multiple defendants, a plaintiff's negligence is compared against the separate rather than the combined negligence of the defendants for purposes of determining liability; and 2) the modification of joint and several liability. *As to the latter, under the new statute, only a defendant found 51 percent or more causally negligent can be jointly and severally liable for a plaintiff's total damages (adjusted for any contributory negligence). The liability of a defendant whose causal negligence is less than 51 percent is limited to the percentage of causal negligence attributed to that defendant.*

*Id.* (emphasis added; footnote omitted).

¶ 19. In *Matthies*, the court addressed whether the retroactive application of the 1995 amendment to the comparative negligence statute unconstitutionally

318

limited a plaintiff's right to recover joint and several damages from one of several negligent parties, when the injury occurred prior to, but the lawsuit was filed after, the effective date of the amendment. *Matthies*, 2001 WI 82 at ¶ 25. The court held that WIS. STAT. § 895.045(1) could not be applied retroactively to deprive the plaintiff of vested rights in his negligence action. *Id.* at ¶ 48. Reaching this conclusion, the court observed that "[t]he legislature's amendment of WIS. STAT. § 895.045 . . . significantly changed joint and several liability [law in Wisconsin]." *Id.* at ¶ 14. Articulating the breadth of this change, the court explained by example:

> Assuming that the *plaintiff is not negligent,* that plaintiff can still recover all of his or her damages from one of two or more joint tortfeasors so long as *one is found to be 51% or more causally negligent.* But a plaintiff can no longer recover all of his or her damages from that same tortfeasor if that tortfeasor is found to be *less than 51% causally negligent.*

*Id.* (emphases added). The court concluded that "1995 Wisconsin Act 17, in amending § 895.045, thus limits a plaintiff's recovery from that tortfeasor found 51% or less causally negligent to that portion of the total negligence that is attributed to that tortfeasor." *Id.* Although this may be dictum, it nevertheless illustrates how the supreme court anticipates the statute would be applied in cases like the instant one.

## III. CONCLUSION

██

¶ 20. WISCONSIN STAT. § 895.045(1) is clear on its face: only a tortfeasor found to be 51% or more causally negligent shall be jointly and severally liable for a

plaintiff's total damages. Here, therefore, based on the jury's apportionment of negligence, the circuit court correctly concluded that neither Oconomowoc Lake Club nor Bartolotta Fireworks Company could be held jointly or severally liable for Thomas' damages, and properly entered judgment against them for their respective 50% and 19% portions of the award.

*By the Court.*—Judgment affirmed.