COURT OF APPEALS
DECISION
DATED AND FILED

**September 9, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP1072**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CV1428

**IN COURT OF APPEALS
DISTRICT IV**

ANGELO BROOKS,

   PLAINTIFF-APPELLANT,

V.

CONSUMER PORTFOLIO SERVICES,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: VALERIE BAILEY-RIHN, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Angelo Brooks appeals the circuit court's order compelling him to arbitrate his claims against Consumer Portfolio Services (CPS). We affirm.

¶2      Brooks financed a vehicle through CPS, and CPS later repossessed the vehicle.  Brooks then filed suit against CPS in the circuit court, alleging various claims.  CPS moved to compel arbitration pursuant to an arbitration agreement between the parties.

¶3      The circuit court granted CPS's motion and rejected Brooks' argument that the parties' arbitration agreement was unconscionable.  The court relied on case law providing that, to be declared invalid as unconscionable, a contract must be both substantively and procedurally unconscionable.  *See Aul v. Golden Rule Ins. Co.*, 2007 WI App 165, ¶26, 304 Wis. 2d 227, 737 N.W.2d 24. The court concluded that the terms of the parties' arbitration agreement were commercially reasonable and therefore not substantively unconscionable.  The court declined to address whether the agreement was procedurally unconscionable.[1]

¶4      On appeal, Brooks contends that the circuit court erred by applying the common law test for invalidating a contract as unconscionable.  Brooks asserts that he was proceeding under the Wisconsin Consumer Act, and more specifically WIS. STAT. § 425.107 (2019-20).[2]  He contends that § 425.107 abrogates the

---

[1] "Substantive unconscionability pertains to the reasonableness of the contract terms themselves, that is, whether they are commercially reasonable or unreasonably favor the more powerful party." *Aul v. Golden Rule Ins. Co.*, 2007 WI App 165, ¶26, 304 Wis. 2d 227, 737 N.W.2d 24. "Procedural unconscionability relates to factors bearing on the meeting of the minds of the contracting parties, such as age, education, intelligence, business acumen and experience, relative bargaining power," and so on. *See id.*

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

common law requirement that there be both substantive and procedural unconscionability to invalidate a contract as unconscionable. He argues that either type of unconscionability alone is sufficient to invalidate a contract under § 425.107. Therefore, according to Brooks, the circuit court could not enforce the parties' arbitration agreement without addressing procedural unconscionability.

¶5      Statutory interpretation is a question of law that we review de novo. *See Nowell v. City of Wausau*, 2013 WI 88, ¶19, 351 Wis. 2d 1, 838 N.W.2d 852. As such, we owe no deference to the circuit court's decision. *Id.* Even so, Brooks does not persuade us that the circuit court erred because he does persuade us that WIS. STAT. § 425.107 abrogates the common law.

¶6      "[A] statute does not abrogate a rule of common law unless the abrogation is clearly expressed and leaves no doubt of the legislature's intent." *Fuchsgruber v. Custom Accessories, Inc.*, 2001 WI 81, ¶25, 244 Wis. 2d 758, 628 N.W.2d 833; *see also NBZ, Inc. v. Pilarski*, 185 Wis. 2d 827, 836, 520 N.W.2d 93 (Ct. App. 1994) ("The canons of construction provide that a statute does not abrogate any rule of common law unless the abrogation is so clearly expressed as to leave no doubt of the legislature's intent.").

¶7      Here, none of Brooks' arguments relating to the statutory language in WIS. STAT. § 425.107 persuade us that "abrogation is clearly expressed … and leaves no doubt of the legislature's intent." *See Fuchsgruber*, 244 Wis. 2d 758, ¶25. We discuss one example to illustrate. Brooks points to language in the statute providing that the court may refuse to enforce a contract if "*any* aspect of the transaction, *any* conduct directed against the customer by a party to the transaction, *or any* result of the transaction is unconscionable." *See* § 425.107(1) (Brooks' emphasis). Brooks argues that "any" is a broad term, and that this statutory language

demonstrates the legislature's intent to supersede the common law requirement that there be both substantive and procedural unconscionability. However, Brooks does not persuade us that this language demonstrates legislative intent to abrogate the common law with the requisite clarity.

¶8        Brooks also argues that the circuit court erred by refusing to allow him to conduct further discovery and by refusing to honor his demand for a jury trial. We reject this argument because, as far as we can discern from Brooks' briefing, there was no basis for further discovery or for a trial on the issue of whether the parties' arbitration agreement was substantively unconscionable. Rather, the circuit court properly decided that issue against Brooks based on the written terms of the agreement. *See Aul*, 304 Wis. 2d 227, ¶26 ("Substantive unconscionability pertains to the reasonableness of the contract terms themselves."). Although there may be factual disputes relating to the issue of *procedural* unconscionability, those disputes are moot considering (1) the common law requirement for both substantive and procedural unconscionability, and (2) Brooks' failure to persuade us that WIS. STAT. § 425.107 abrogates the common law.[3]

¶9        In sum, for the reasons stated above, we affirm the circuit court's order compelling arbitration.

---

[3] To the extent that Brooks is arguing there were factual disputes relating to the issue of substantive unconscionability or the separate issue of consideration for the parties' arbitration agreement, we conclude that Brooks' arguments are both undeveloped and unpersuasive. We therefore discuss those arguments no further. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not consider inadequately developed arguments).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.