# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

| | |
|---|---|
| Case No.: | 2021AP1087 |

Complete Title of Case:

IN RE THE MARRIAGE OF:

JOSEPH GENE THOMPSON,

   PETITIONER-RESPONDENT,

   V.

SUSANNE ROSE OUELLETTE,

   RESPONDENT-APPELLANT,

   V.

ELISABETH L. THOMPSON AND SAMUEL F. THOMPSON,

   OTHER PARTIES-RESPONDENTS.

| | |
|---|---|
| Opinion Filed: | January 20, 2023 |
| Submitted on a Motion: | November 17, 2022 |

| | |
|---|---|
| JUDGES: | Blanchard, P.J., Graham, and Nashold, JJ. |

| | |
|---|---|
| Movant ATTORNEYS: | On behalf of the other parties-respondents, the cause was submitted on the motion and reply in support of *James D. Miller* of *Dempsey Law Firm, LLP*, Wausau. |

Respondent
ATTORNEYS:         On behalf of the respondent-appellant, the cause was submitted on the
                   response of *Howard T. Healy* of *Di Renzo & Bomier, LLC*, Neenah.

# COURT OF APPEALS
# DECISION
# DATED AND FILED

## January 20, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1087**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018FA205**

**IN COURT OF APPEALS**

---

IN RE THE MARRIAGE OF:

JOSEPH GENE THOMPSON,

    PETITIONER-RESPONDENT,

  V.

SUSANNE ROSE OUELLETTE,

    RESPONDENT-APPELLANT,

  V.

ELISABETH L. THOMPSON AND SAMUEL F. THOMPSON,

    OTHER PARTIES-RESPONDENTS.

---

On reconsideration. *Motion denied*.

Before Blanchard, P.J., Graham, and Nashold, JJ.

¶1      GRAHAM, J. Elisabeth and Samuel Thompson (the Thompsons) ask us to reconsider the portion of an opinion we issued on September 9, 2022, that denied their motion for fees, costs, and attorney fees for a frivolous appeal.[1]  In their original motion, the Thompsons cited WIS. STAT. RULE 809.25(3)(a) (2019-20).[2] We denied the motion, applying the "entirely frivolous" standard set forth in *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621, and concluding that appellant Susanne Ouellette's entire appeal was not frivolous.  On reconsideration, the Thompsons' primary argument is that we applied the wrong legal standard when considering their original motion.

¶2      More specifically, the Thompsons contend that the legislature abrogated the "entirely frivolous" standard from *Howell* and other judicial decisions when it enacted WIS. STAT. § 895.044 in 2011.  In pertinent part, § 895.044(1) defines what it means for an action, special proceeding, counterclaim, defense, cross complaint, or appeal to be frivolous, and the second sentence of § 895.044(5) provides that an appeal is frivolous "in its entirety if any element necessary to succeed on the appeal is supported solely by an argument that is [frivolous]."  The Thompsons contend that Ouellette's appeal must be deemed frivolous in its entirety under the "any element necessary to succeed on the appeal" standard from § 895.044(5) and, therefore, they are entitled to the attorney fees they incurred responding to the appeal.  Additionally, the Thompsons have filed a statement of costs pursuant to RULE 809.25(1)(c), which seeks those attorney fees as an item of costs.

---

[1] *Thompson v. Ouellette*, No. 2021AP1087, slip op. (WI App Sept. 9, 2022).

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶3 We deny the Thompsons' motion for reconsideration. In so doing, we decline to consider whether the Thompsons forfeited any entitlement to attorney fees under WIS. STAT. § 895.044(5) when they cited WIS. STAT. RULE 809.25(3)(a) but not § 895.044(5) in support of their original motion. We conclude that § 895.044(5) retains the longstanding rule that sanctions for a frivolous appeal will not be awarded unless the "'entire appeal is frivolous.'" *See Howell*, 282 Wis. 2d 130, ¶9 (quoting RULE 809.25(3)); *see also Baumeister v. Automated Products, Inc.*, 2004 WI 148, ¶26, 277 Wis. 2d 21, 690 N.W.2d 1. However, § 895.044(5) modifies what it means for an appeal to be entirely frivolous by abrogating the specific articulation and application of that standard found in *Baumeister*'s paragraph 27, which we discuss below. *See Baumeister*, 277 Wis. 2d 21, ¶27. Under § 895.044(5), attorney fees will not be awarded as damages unless the entire appeal is frivolous, and one situation in which an appeal is frivolous "in its entirety" is when an element, issue, or argument "necessary to succeed on appeal" is supported solely by frivolous arguments. Applying the standard from § 895.044(5), we conclude that Ouellette's entire appeal was not frivolous.

## BACKGROUND

¶4 The circuit court proceeding underlying this appeal was a divorce action between Ouellette and Joseph Thompson.[3] *Thompson v. Ouellette*, No. 2021AP1087, slip op. (WI App Sept. 9, 2022).[4] As one facet of that proceeding,

---

[3] The Thompsons are Joseph's parents. Although all three were listed as respondents in the appeal, Joseph did not file a respondent's brief, and has not taken any position on the motion for reconsideration. When we refer to the Thompsons in this opinion, the reference is to Joseph's parents, Elisabeth and Samuel Thompson. When we refer to Joseph, we do so using his first name.

[4] We cite our original opinion not as precedent or persuasive authority, but rather to provide the procedural background for this reconsideration motion, and to describe the decision that the Thompsons are asking us to reconsider. *See* WIS. STAT. RULE 809.23(3)(b).

the circuit court held an evidentiary hearing to adjudicate Ouellette's claim that she and Joseph purchased real property from the Thompsons through a land contract, and that the real property was therefore part of the marital estate. ***Id.***, ¶7. After Ouellette rested her case in chief but before the Thompsons presented their rebuttal witnesses and evidence, the court determined that Ouellette had not proven the material terms of a land contract, ***id.***, ¶¶26-27, 39-40, and the court dismissed the Thompsons from the divorce proceeding on that basis. ***Id.***, ¶29.

¶5      Ouellette raised three issues in her appeal. First, she disputed the circuit court's determination that she had not proven the material terms of a land contract. ***Id.***, ¶34. Second, she argued that the court erred when it ended the evidentiary portion of the hearing and issued its ruling before the Thompsons presented their rebuttal witnesses and evidence. ***Id.***, ¶58. Third, she argued that the court erred by dismissing the Thompsons from the divorce proceeding. ***Id.***, ¶62. In this opinion, we sometimes refer to the first issue addressed in Ouellette's appeal as her primary issue, and to the second and third issues she raised as procedural issues.

¶6      The Thompsons filed their respondents' brief and, at the same time, they filed a motion asking for "an order finding the appeal frivolous under WIS. STAT. [RULE] 809.25(3)."[5] In this opinion, we sometimes refer to this motion as the Thompsons' original motion. In their original motion, the Thompsons argued that they were entitled to fees, costs, and attorney fees under RULE 809.25(3)(a) because

---

[5] Consistent with WIS. STAT. RULE 809.25(3)(a), "a motion for costs, fees and attorney fees under this subsection shall be filed no later than the filing of the respondent's brief or, if a cross-appeal is filed, no later than the filing of the cross-respondent's brief." *See also* ***Howell v. Denomie***, 2005 WI 81, ¶19, 282 Wis. 2d 130, 698 N.W.2d 621 ("In order for parties before the court of appeals to have the proper notice and opportunity to be heard, parties wishing to raise frivolousness must do so by making a separate motion to the court, whereafter the court will give the parties and counsel a chance to be heard." "The court of appeals may also raise the issue of a frivolous appeal on its own motion, but it must give notice that it is considering the issue and grant an opportunity for the parties and counsel to be heard before it makes a determination.").

Ouellette's opening appellate brief "fail[ed] to adequately identify and develop a single issue on appeal." The Thompsons did not cite WIS. STAT. § 895.044 in their original motion, nor did they make any argument about the effect that the enactment of § 895.044 had on the legal analysis this court should undertake when deciding their motion. Ouellette responded to the Thompsons' original motion, arguing that we could not award costs and fees under RULE 809.25(3) "unless the entire appeal is frivolous."

¶7 In our original opinion, we affirmed the circuit court's order dismissing Ouellette's claim against the Thompsons. We rejected the arguments Ouellette made in support of all three issues she raised on appeal. *Thompson*, No. 2021AP1087, ¶¶34-54, 58-61, 62-64. Our reasons for rejecting Ouellette's arguments are described as needed in the discussion below.

¶8 Our opinion then turned to the Thompsons' WIS. STAT. RULE 809.25(3)(a) motion for fees, costs, and attorney fees. *Id.*, ¶¶65-67. We denied that motion, relying on *Howell*, in which our supreme court reaffirmed the longstanding rule that, to award costs and attorney fees under RULE 809.25(3)(a), we "must conclude that the entire appeal is frivolous." *Id.*, ¶66 (citing *Howell*, 282 Wis. 2d 130, ¶9); *see also* *Baumeister*, 277 Wis. 2d 21, ¶26 (articulating the same general rule that appellate courts will not assess costs and fees under RULE 809.25(3)(a) "unless the entire appeal is frivolous").

¶9 In applying this rule, we tacitly acknowledged that the arguments Ouellette made to support the procedural issues could be considered frivolous. *Thompson*, No. 2021AP1087, ¶67; *see also id.*, ¶¶55-64. However, we explained, the primary issue was a challenge to the circuit court's conclusion that she failed to prove the material terms of a land contract, and we determined that the arguments

she made in support of that issue were not frivolous.  *Id.*, ¶67.  Accordingly, we concluded that the entire appeal was not frivolous, and we denied the Thompsons' original motion on that basis.  *Id.*

¶10     The Thompsons have now filed a motion asking us to reconsider the above analysis in light of language in WIS. STAT. § 895.044(5).  They have also filed a statement of costs seeking the attorney fees they incurred in responding to this appeal.  At our request, Ouellette submitted a response addressing the proper interpretation and application of § 895.044(5), and we granted the Thompsons' request to file a reply addressing those same topics.

## DISCUSSION

¶11     The primary argument in the Thompsons' reconsideration motion is that we were wrong to rely on the legal standard articulated in *Howell* and other judicial decisions because, they contend, that standard was abrogated by the enactment of WIS. STAT. § 895.044(5).[6]  We begin by briefly addressing a procedural issue regarding whether the Thompsons forfeited their argument based on § 895.044(5) when they cited WIS. STAT. RULE 809.25(3)(a) but not § 895.044(5) in their original motion for fees, costs, and attorney fees.  We then proceed to consider the proper interpretation of § 895.044(5) and its relationship to RULE 809.25(3)(a).  Finally, applying that standard, we conclude that Ouellette's entire appeal is not frivolous.

---

[6]  As another part of their reconsideration motion, the Thompsons argue that we misapplied the standard that has been articulated in *Howell*, 282 Wis. 2d 130, ¶9, and other cases, even if that standard was not abrogated by the legislature's enactment of 2011 Wis. Act 2.  On that specific topic, nothing in the Thompsons' reconsideration motion causes us to reconsider our decision.

## I. Forfeiture

¶12    As mentioned, the Thompsons did not cite to WIS. STAT. § 895.044(5) in their original motion seeking fees, costs, and attorney fees, much less raise any argument about the specific effect of that statute.  The Thompsons assert that they were not required to reference or address § 895.044(5) in their original motion because, they contend, they cited WIS. STAT. RULE 809.25(3)(a) and the proper interpretation and application of that statute was changed by the enactment of § 895.044(5).  For her part, Ouellette does not press any forfeiture-based argument in her response to the Thompsons' reconsideration motion, nor does she contend that there is any procedural basis for denying the Thompsons' request for attorney fees under § 895.044(5).

¶13    As a general rule, a party forfeits an issue or argument if the party fails to raise that issue or argument in a timely manner.  *See Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177.  The rule against forfeiture gives the parties and the court notice and a fair opportunity to address issues and arguments, enabling courts to avoid or correct any errors with minimal disruption of the judicial process.  *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612.  The rule also encourages attorneys to diligently prepare for and conduct court proceedings, prevents them from "sandbagging" opposing counsel or the court,[7] and avoids needless motions for reconsideration and appeal.  *Id.*

---

[7] The term sandbagging refers to a practice in which an attorney withholds an objection or argument about court error for strategic reasons, and then later claims that the error is grounds for reconsideration or reversal.  *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612.

¶14    WISCONSIN STAT. RULE 809.25(3) and WIS. STAT. § 895.044 are separate statutes and, as discussed below, § 895.044(5) contains language upon which the Thompsons now rely that differs in some respects from the language of RULE 809.25(3)(a). To the extent that the Thompsons wanted us to apply a standard that is based on the language of WIS. STAT. § 895.044(5), rather than the language and prior court interpretations of RULE 809.25(3)(a), the Thompsons would have been wise to articulate those arguments in their original motion. Indeed, in Ouellette's response to the Thompsons' original motion, she cited the very standard that the Thompsons now argue that we applied in error, and the Thompsons did not alert us that they took issue with Ouellette's articulation of the law. Under the circumstances, a strong case could be made that the Thompsons forfeited any reliance on § 895.044(5) by their failure to cite it in their original motion.

¶15    That said, forfeiture is a rule of judicial administration and, under appropriate circumstances, we can overlook a party's forfeiture and address the merits of an unpreserved argument. *State v. Counihan*, 2020 WI 12, ¶27, 390 Wis. 2d 172, 938 N.W.2d 530. We have concluded that the subject of the reconsideration motion is an issue of statewide importance, and that the bench and bar could benefit from a published decision providing guidance on the proper interpretation of WIS. STAT. § 895.044 and the effect that its enactment has on court interpretations of WIS. STAT. RULE 809.25(3). Therefore, we proceed to overlook the Thompsons' failure to raise their arguments about § 895.044(5) in their original motion and, in the discussion that follows, we address their arguments on the merits.

## II. Statutory Interpretation

¶16    In the analysis that follows, we begin with an overview of the two statutes implicated by the Thompsons' motion for reconsideration, WIS. STAT.

RULE 809.25(3), and WIS. STAT. § 895.044. After providing our interpretation of § 895.044(5), we comment on its relationship to RULE 809.25(3)(a) and the Thompsons' argument that § 895.044(5) abrogated court interpretations of RULE 809.25(3)(a).

¶17    As we undertake this analysis, we keep two useful principles in mind. First, a legislative enactment "does not abrogate a rule of common law unless the abrogation is clearly expressed and leaves no doubt of the legislature's intent." *Fuchsgruber v. Custom Accessories, Inc.*, 2001 WI 81, ¶25, 244 Wis. 2d 758, 628 N.W.2d 833. In other words, "[t]o accomplish a change in the common law, the language of the statute must be clear, unambiguous, and peremptory." *Id.* Second, when (as here) multiple statutes relate to the same general subject matter, we must attempt to construe the statutes in a manner that harmonizes them in order to give each full force and effect. *State v. Katie H.*, 2003 WI App 40, ¶17, 260 Wis. 2d 359, 659 N.W.2d 193.

## A. WISCONSIN STAT. RULE 809.25(3)

¶18    The first statute, WIS. STAT. RULE 809.25(3), is entitled "frivolous appeals." It is a longstanding rule of appellate procedure that was created by the legislature through 1981 Wis. Act 316. The rule provides that, if an appellate court determines that an appeal is frivolous, the court shall sanction the appellant (or the appellant's attorney) by requiring them to pay the successful party's fees, costs, and reasonable attorney fees. RULE 809.25(3)(a).

¶19    WISCONSIN STAT. RULE 809.25(3)(c) defines what it means for an appeal to be frivolous as follows:

9

> In order to find an appeal or cross-appeal to be frivolous under par. (a), the court must find one or more of the following:
>
> > 1. The appeal or cross-appeal was filed, used or continued *in bad faith solely for purposes of harassing or maliciously injuring another*.
> >
> > 2. The party or the party's attorney *knew, or should have known*, that the appeal or cross-appeal *was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law*.

(Emphasis added.)

¶20 Since at least 1994, Wisconsin appellate courts have determined that a court cannot sanction a party or the party's attorney under RULE 809.25(3) unless "the entire appeal is frivolous." *Howell*, 282 Wis. 2d 130, ¶9 (citing *State ex rel. Robinson v. Town of Bristol*, 2003 WI App 97, ¶54, 264 Wis. 2d 318, 667 N.W.2d 14); *Nichols v. Bennett*, 190 Wis. 2d 360, 365 n.2, 526 N.W.2d 831 (Ct. App. 1994). At times, we have used shorthand to refer to this determination—that "the entire appeal is frivolous"—as a determination that the appeal is "entirely frivolous." *See, e.g.*, *Thompson*, No. 2021AP1087, ¶2.

¶21 Our supreme court examined the statutory basis for the "entirely frivolous" standard in *Baumeister*, 277 Wis. 2d 21. As the *Baumeister* court explained, the language of WIS. STAT. RULE 809.25 authorizes sanctions only if "*the 'appeal or cross-appeal'* [i]s frivolous," and "[t]here is nothing in the language of [the rule] that allows a court to determine that an appeal is frivolous[] merely because an *individual claim or defense* is frivolous[.]" *Id.*, ¶26 (emphasis added). In other words, for a motion under RULE 809.25 to be granted, it is not enough for a party or the appellate court to identify an individual frivolous issue or argument made in an appellant's brief if "the entire appeal" is not frivolous. *Id.*

10

¶22     The **Baumeister** court then went on to apply this general rule—that the "entire appeal" must be frivolous—to the specific issues advanced in that appeal. *Id.*, ¶27. And, in applying that rule, paragraph 27 of the **Baumeister** opinion expanded upon prior articulations of the "entirely frivolous" standard. To preview our discussion below, we conclude that the specific articulation and application of that standard in **Baumeister**'s paragraph 27 was what the legislature meant to abrogate by enacting WIS. STAT. § 895.044(5).

¶23     We now provide necessary factual background about the issues in **Baumeister**, and the court's specific articulation and application of the "entirely frivolous" standard in **Baumeister**'s paragraph 27. During the circuit court proceedings that preceded the **Baumeister** appeal, the court granted summary judgment in favor of the defendant, who was an architect. *Id.*, ¶8. Specifically, the circuit court concluded that the architect was entitled to judgment on the plaintiffs' negligence claim as a matter of law because the plaintiffs (1) failed to establish a breach of the duty of care, *id.*, ¶¶8, 18; and (2) failed to establish that any breach caused their injuries, *id.*, ¶24.

¶24     The plaintiffs then filed an appeal in which they did not prevail on any issue, and the architect sought sanctions under WIS. STAT. RULE 809.25(3)(a) for a frivolous appeal. Specifically, the architect argued that the entire appeal was frivolous because causation is a determinative element in a negligence analysis and all of the plaintiffs-appellants' arguments about the element of causation were frivolous. *Id.*, ¶27.

¶25     The **Baumeister** court rejected the architect's analysis. *Id.*, ¶27. In so doing, the court expanded upon prior articulations of the "entirely frivolous" standard as follows. The court stated that "there is no mention of individual

11

elements or arguments" in WIS. STAT. RULE 809.25(3)(a). *Id.*, ¶27 n.13. It further stated that, "in order to find the entire appeal frivolous" under RULE 809.25(3)(a), "[w]e need to find *each of* [an appellant's] *arguments* [to be] frivolous." *Id.*, ¶27 (emphasis added). Applying this newly articulated standard, the court explained that, although the plaintiffs-appellants had not advanced any non-frivolous argument in favor of causation—an element that was necessary to succeed on appeal—the plaintiffs-appellants advanced a non-frivolous argument that the architect breached his duty of care. *Id.*, ¶¶27-28, 30. Therefore, the court concluded, the entire appeal was not frivolous, and sanctions were not warranted under RULE 809.25(3)(a).

### B. WISCONSIN STAT. § 895.044

¶26 The second statute implicated by the motion for reconsideration is WIS. STAT. § 895.044. This statute was created by the legislature in 2011 as part of a larger package of legislation commonly understood to address tort reform. *See* 2011 Wis. Act 2. Although the title of § 895.044 is "damages for maintaining certain claims and counterclaims," the statute also provides "damages" for other kinds of court filings, including but not limited to appeals. Specifically, § 895.044(1) provides that a party or attorney may be liable for costs and fees as damages "for commencing, using, or continuing an action, special proceeding, counterclaim, defense, cross claim, or appeal" that is found to be frivolous by a court.

¶27 As with WIS. STAT. RULE 809.25(3)(c), WIS. STAT. § 895.044(1) also defines what it means for an appeal to be frivolous. In so doing, § 895.044(1) uses language that is identical in substance to the language in RULE 809.25(3)(c):

A party or a party's attorney may be liable for costs and fees under this section … [if]:

(a) The … appeal was commenced, used, or continued *in bad faith, solely for the purposes of harassing or maliciously injuring another*.

(b) The party or the party's attorney *knew, or should have known*, that the … appeal *was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law*.

*See* § 895.044(1) (emphasis added). By using language in § 895.044(1) that is identical to the language of RULE 809.25(3)(c), it appears that the legislature did not intend to fundamentally alter what it means for an appeal to be frivolous.

¶28 The new legislative enactment also contains a subsection that specifically and exclusively pertains to appeals. That subsection provides in full:

If the appellate court finds that sub. (1)(a) or (b) applies to an appeal, the appellate court shall, upon completion of the appeal, remand the action to the trial court to award damages to compensate the successful party for all the actual reasonable attorney fees the party incurred in the appeal. An appeal is subject to this subsection in its entirety if any element necessary to succeed on the appeal is supported solely by an argument that is described under sub. (1)(a) or (b).

WISCONSIN STAT. § 895.044(5). According to the Thompsons, the intent of this subsection is to abrogate the "entirely frivolous" standard that appellate courts have used for years when determining whether an appeal is frivolous.

¶29 Although the parties focus their arguments on the second sentence in WIS. STAT. § 895.044(5), we pause to reflect on the first. Specifically, the first sentence requires a remand for damages if an appellate court finds that par. (1)(a) or (1)(b) applies to "*an appeal*." *See* § 895.044(5) (emphasis added). Paragraph (1)(a), in turn, provides that an appeal is frivolous if "*the appeal*" was brought in

13

bad faith, *see* § 895.044(1)(a) (emphasis added), and par. (1)(b) provides that an appeal is frivolous if the appellant should have known that "*the appeal*" was without any basis in law or equity, *see* § 895.044(1)(b) (emphasis added).

¶30 In other words, the substantive language of WIS. STAT. § 895.044(5)'s first sentence is similar to the language ***Baumeister*** identified in WIS. STAT. RULE 809.25(3)(a) as the statutory basis for concluding that sanctions should not be granted unless "the entire appeal is frivolous." *See supra*, ¶21 (discussing ***Baumeister***, 277 Wis. 2d 21, ¶26). As such, we do not view the first sentence of subsection (5) as abrogating the general rule, articulated in ***Howell***, ***Baumeister***, and countless other cases since 1994 that, in order to award sanctions, "the entire appeal must be frivolous."

¶31 We now turn to the second sentence of WIS. STAT. § 895.044(5). Using brackets to bring together the pertinent aspects of § 895.044, the second sentence provides: "An appeal is subject to [a remand for damages consisting of actual reasonable attorney fees] in its entirety if any element necessary to succeed on the appeal is supported solely by an argument that is [frivolous]." *See* § 895.044(5). The key phrase in § 895.044(5) is "any element necessary to succeed on the appeal." If "any element necessary to succeed on the appeal" is frivolous, then the appeal is subject to sanctions "in its entirety" in the form of a damages award of actual reasonable attorney fees. *See* § 895.044(5).

¶32 The parties disagree about the proper interpretation of the phrase "any element necessary to succeed on the appeal." The Thompsons interpret that phrase to mean "any single element within each issue presented" by the appellant. By contrast, Ouellette contends that the pertinent question is whether there is "a critical element to the success of the appeal as a whole that [was] brought frivolously."

¶33 We observe that some of the language chosen by the legislature—and specifically, its use of the term "element"—does not neatly track the manner in which appeals are presented to and processed by appellate courts of this state.[8] Although elements are the building blocks of the claims and defenses that may be pursued in a circuit court proceeding, they are not necessarily the building blocks of appeals. To be sure, in some appeals, the appellant challenges a circuit court's decision on whether evidence is sufficient to satisfy the elements of a given claim or defense—that was the case in the ***Baumeister*** appeal, discussed above, and it is also the case in Ouellette's appeal. However, many appeals do not turn on the elements of any claim or defense at all. On the contrary, in many appeals, the dispositive issue is whether the circuit court misinterpreted or misapplied an evidentiary or procedural statute, or whether the manner in which the court handled the proceedings violated the appellant's constitutional rights. Rather than being comprised of elements, the building blocks of appeals are the issues identified by the appellant, and the core job of an appellate court is to assess the strength of the parties' arguments about the issues presented in an appeal.

¶34 With this in mind, we consider the meaning of the term "any element," as it is used in WIS. STAT. § 895.044(5). The legislature did not define its use of this term, and, for the reasons we have just explained, it would not be reasonable to limit its reach to the legal elements needed to prove a given claim or defense. Consistent with our explanation above, we conclude that the legislature must have used the term to refer more broadly to the elements, issues, and arguments that are presented—or should have been presented—in an appeal. We say "should have

---

[8] When used as a legal term of art, an "element" means "[a] constituent part of a claim that must be proved for the claim to succeed," as in the elements of a cause of action or defense. *Element*, BLACK'S LAW DICTIONARY (10th ed. 2014).

15

been presented" because sometimes, a request for sanctions may be based on the omission of an element, issue, or argument that is necessary to succeed on appeal.

¶35 We now consider the meaning of the phrase "necessary to succeed on the appeal." An appellant "succeeds on appeal" when the appellant persuades the appellate court that there was an error in the circuit court proceedings that requires the appellate court to reverse the circuit court's decision outright, to remand for additional proceedings, or to grant some other form of relief. Yet, not all elements (or issues or arguments) advanced by an appellant will be "necessary" to succeed on appeal. An element (or issue or argument) is "necessary to succeed on appeal" if the appellant cannot secure relief without prevailing on that element (or issue or argument).

¶36 We conclude that the phrase "necessary to succeed on appeal" means just what it unambiguously provides. An appellant succeeds on appeal when the appellant persuades the appellate court to reverse the circuit court's decision outright, to remand to the circuit court for additional proceedings, or to grant some other form of relief. And an element (or issue or argument) is necessary to succeed on appeal if the appellant cannot secure a reversal, a remand, or another form of relief without prevailing on that element (or issue or argument).

¶37 We further conclude that the manifest purpose of WIS. STAT. § 895.044(5)'s second sentence is to abrogate the specific articulation and application of the "entirely frivolous" standard found in *Baumeister*'s paragraph 27. *See supra*, ¶24-25 (discussing *Baumeister*, 277 Wis. 2d 21, ¶27). As discussed above, in that paragraph of the *Baumeister* opinion, the court relied on the fact that WIS. STAT. RULE 809.25(3)(a) makes "no mention of individual elements or arguments." *Baumeister*, 277 Wis. 2d 21, ¶27 n.13. Therefore, the court concluded,

to find the entire appeal frivolous, "[w]e need to find *each of* [an appellant's] *arguments* frivolous." *Id.*, ¶27 (emphasis added). However, in enacting the second sentence of § 895.044(5), the legislature added references to individual elements and arguments, expressly providing that an appeal is frivolous "in its entirety if any element necessary to succeed on appeal is supported solely by [a frivolous] argument." The unambiguous purpose of this language is to abrogate the *Baumeister* court's holding that an appellant cannot be sanctioned for filing a frivolous appeal unless *each of its arguments* is frivolous.

¶38     As mentioned above, the Thompsons argue for a broad interpretation of WIS. STAT. § 895.044(5)'s second sentence, and specifically, the phrase "any element necessary to succeed on appeal." The Thompsons interpret that phrase to mean "any single element within each issue presented" by the appellant. Stated in the converse, the Thompsons contend that "an entire appeal is frivolous if any single element necessary to prevail *on any issue* presented is supported only by a frivolous argument," and further, that an award of attorney fees is "mandatory if even one element of an appeal is frivolous."

¶39     We reject this interpretation because it is not consistent with the unambiguous language of WIS. STAT. § 895.044(5) and our canons of statutory construction. When we interpret a statute, we strive to give every word meaning, and we avoid interpretations that contradict the common meaning of words or render them meaningless. *See, e.g.*, *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110; *see also Milwaukee Dist. Council 48 v. Milwaukee Cnty.*, 2019 WI 24, ¶17, 385 Wis. 2d 748, 924 N.W.2d 153. Yet the Thompsons' interpretation does just that—if "any element necessary to succeed on the appeal" means nothing more than "any issue raised on appeal," the phrase "necessary to succeed on appeal" has no meaning.

17

¶40    Additionally, the Thompsons' interpretation of "any element necessary to succeed on appeal" would lead to results that are inconsistent with the statutory language.    Consider, for example, an appellant who advances two alternative issues on appeal, each of which could independently result in a reversal. Now imagine that the appellant prevails on one of these alternative issues, thus succeeding in the appeal.  Despite being the successful party, the appellant might still be required to pay the losing respondent's attorney fees as damages if the appellant's arguments in support of the alternative issue are frivolous.  This would be the result under the Thompsons' interpretation even though, by definition, the appellant's alternative argument is not "necessary to succeed on appeal."

¶41    Having interpreted the two sentences of WIS. STAT. § 895.044(5) in isolation, we now consider the relationship between those two sentences, and how the standard articulated in § 895.044(5) compares to the "entirely frivolous" standard Wisconsin appellate courts have applied for decades under WIS. STAT. RULE 809.25(3)(a).  For all the reasons we have explained, we see nothing in either of § 895.044(5)'s sentences that modifies the longstanding rule that "the entire appeal must be frivolous" for sanctions to be warranted.  *See Howell*, 282 Wis. 2d 130, ¶9; *Baumeister*, 277 Wis. 2d 21, ¶26.   Indeed, the second sentence of § 895.044(5) continues to contemplate that an appeal must be frivolous "in its entirety" to warrant sanctions.

¶42    Likewise, neither sentence gives us any reason to doubt the continued viability of the general rule that the mere existence of a frivolous claim, defense, or argument in an appellant's brief is insufficient to render the entire appeal frivolous. *See supra*, ¶21 (discussing *Baumeister*, 277 Wis. 2d 21, ¶26).  Had the legislature intended to displace that longstanding judicial interpretation, the legislature would have chosen different words to accomplish that goal.  The legislature could have,

for example, enacted language stating that "an appeal is subject to this subsection in its entirety if any individual element, issue, claim, or defense is supported by an argument" that is frivolous. That language would have been "clear, unambiguous, and peremptory," *Fuchsgruber*, 244 Wis. 2d 758, ¶25, but that is not the language that the legislature chose.

¶43 However, going forward, the specific articulation and application of the "entirely frivolous" standard found in *Baumeister*'s paragraph 27 is no longer tenable, at least not under the analysis required by WIS. STAT. § 895.044(5). *See supra*, ¶¶24-25 (discussing *Baumeister*, 277 Wis. 2d 21, ¶27). That is, when an appellant fails to make a non-frivolous argument about any element or issue or argument that is necessary to secure a reversal, a remand, or other relief, the appellate court may not deny a motion for sanctions merely by identifying a non-frivolous argument that the appellant made about some other issue in the appeal. The appellate court must remand to the circuit court for a sanctions award on the ground that, pursuant to the second sentence of § 895.044(5), "the entire appeal is frivolous."

¶44 In sum, the effect of WIS. STAT. § 895.044(5) is to retain the longstanding rule that sanctions for a frivolous appeal will not be awarded unless the "entire appeal is frivolous." *See Howell*, 282 Wis. 2d 130, ¶9 (citing WIS. STAT. RULE 809.25(3)); *see also Baumeister*, 277 Wis. 2d 21, ¶26. However, § 895.044(5) modifies what it means for an appeal to be entirely frivolous by abrogating the specific articulation and application of that standard found in *Baumeister*'s paragraph 27. *See Baumeister*, 277 Wis. 2d 21, ¶27. Under § 895.044(5), attorney fees will not be awarded as damages unless the entire appeal is frivolous, and one situation in which an appeal is frivolous "in its entirety" is

19

when an element, issue, or argument "necessary to succeed on appeal" is supported solely by frivolous arguments.

¶45    Finally, we observe that the application of WIS. STAT. § 895.044(5) will vary from case to case, depending on the nature of the circuit court decision that has been appealed, whether the appellant makes any non-frivolous arguments, and whether there are specific elements, issues, or arguments upon which the appellant must prevail to succeed on appeal.[9]

---

[9] To illustrate, we provide the following hypothetical scenarios.

In the first scenario, the plaintiff files a claim that requires proof of three elements, A, B, and C. The circuit court grants summary judgment in the plaintiff's favor, determining that there are no genuine disputes of fact about any of the elements and that the plaintiff is entitled to judgment as a matter of law. On appeal, the defendant-appellant argues that there are genuine disputes about all three elements. In this scenario, to succeed on appeal, the defendant-appellant need only persuade the appellate court that there is a genuine dispute of material fact about one of the three elements, A, B, or C. If this court decides that all of the defendant-appellant's arguments about elements A, B, and C are frivolous, then the entire appeal is frivolous. However, if this court decides that the defendant-appellant's arguments about A and B are frivolous, but that its argument about C is not frivolous, the plaintiff-respondent would not be entitled to its attorney fees as damages under WIS. STAT. § 895.044(5). Damages would not be warranted because the plaintiff-respondent made a non-frivolous argument about element C, and the arguments offered regarding elements A and B, while frivolous, are not "necessary to succeed on appeal."

Under this first scenario, the result would be the same under WIS. STAT. § 895.044(5) and prior interpretations of WIS. STAT. RULE 809.25(3).

The second scenario involves the same parties and underlying claim, but this time, the circuit court grants summary judgment in the defendant's favor. It explains that the plaintiff's evidence is insufficient to prove any of the three elements. To succeed on appeal, the plaintiff-appellant would have to persuade us that it presented evidence sufficient to satisfy each of the three elements. Therefore, in this scenario, if the plaintiff-appellant presented only frivolous arguments in support of any of the three elements, A, B, or C, the defendant-respondent would be entitled to its attorney fees as damages under WIS. STAT. § 895.044(5).

Under this second scenario, the results could be different under WIS. STAT. § 895.044(5) and prior interpretations of WIS. STAT. RULE 809.25(3). To the extent that the plaintiff-appellant advanced non-frivolous arguments in favor of one or two of the three elements, sanctions would

### C. Interplay Between the Statutes

¶46    Before applying the standard from WIS. STAT. § 895.044(5) to Ouellette's appeal, we pause to comment on the relationship between WIS. STAT. RULE 809.25(3) and § 895.044(5).  In so doing, we observe that, after the passage of § 895.044, there are now two parallel statutes that do not cross reference each other, and that both purport to govern how appellate courts should direct the payment of attorney fees for frivolous appeals.  The two statutes contain some provisions that are similar to each other, and other provisions that differ in key respects.  As we have discussed, the legislature included the phrase regarding "any element necessary to succeed on appeal" when it enacted § 895.044(5), but it did not add this same language to RULE 809.25(3)(a).  And there also appear to be procedural differences in the mechanics of the statute.[10]

¶47    We further observe that this is not the first time that Wisconsin courts have faced such a scenario.  In 2004, for example, prior to our supreme court's repeal of WIS. STAT. § 814.025 (2003-04), there were two statutes governing frivolous filings in the circuit court.  Our supreme court cited the confusion that the parallel statutes engendered when it repealed the former § 814.025 (2003-04) in favor of a unified standard under WIS. STAT. § 802.05.  *See* S. CT. ORDER 03-06, 278 Wis. 2d xiii (eff. Jul. 1, 2005).  And since the enactment of WIS. STAT.

---

not be available under prior interpretations of RULE 809.25(3), but would be mandatory under § 895.044(5).

[10] WISCONSIN STAT. RULE 809.25(3), for example, requires a party seeking sanctions to file a motion with its appellate brief, and our supreme court has stated that an appellant is entitled to notice and an opportunity to be heard before sanctions can be imposed. *Howell*, 282 Wis. 2d 30, ¶19. WISCONSIN STAT. § 895.044, by contrast, is silent on whether a motion is required, and does not explicitly provide a procedure for notice and an opportunity to be heard.

§ 895.044(2), which addresses actions, special proceedings, counterclaims, defenses, and cross complaints that are frivolous, circuit courts across the state have grappled with the differences between § 802.05 and § 895.044(2) and whether a given sanctions motion has been brought under § 802.05, § 895.044(2), or both. *See, e.g.*, ***Sears, Roebuck & Co. v. Bayshore Town Ctr., LLC***, No. 2015AP1381, unpublished slip op. ¶¶41, 48-51 (WI App June 27, 2017).[11]

¶48 By interpreting WIS. STAT. § 895.044(5) and commenting on its similarities and differences with prior court interpretations of WIS. STAT. RULE 809.25(3)(a), we have endeavored to harmonize these parallel statutes, and to provide guidance for litigants and appellate courts. However, we do not endeavor to resolve all questions that may arise about the relationship between these two statutes. We anticipate that fleshing out the interplay between these two statutes is likely to be the subject of future litigation.

### III. Application

¶49 We now apply the standard in WIS. STAT. § 895.044(5) to Ouellette's appeal. As mentioned above, the underlying case centered on Ouellette's claim that she and her ex-husband, Joseph, entered into an oral land contract with the Thompsons that should be enforced under WIS. STAT. § 706.04. After the circuit court dismissed that claim, Ouellette raised three issues on appeal. Her primary issue was substantive, and her second and third issues procedural. Ouellette did not need to prevail on all three issues to succeed on appeal, but she did need to prevail

---

[11] We cite this authored, unpublished opinion for its persuasive value pursuant to WIS. STAT. RULE 809.23(3)(b).

on at least one of her issues to obtain the relief she sought, which was a mandate remanding the matter to the circuit court for additional proceedings.

¶50    For the reasons that follow, we conclude that the arguments that Ouellette raised in support of her primary issue on appeal were not frivolous. We further conclude that the procedural issues, though frivolous, were not necessary to succeed on appeal.

## A.  The Primary Issue

¶51    We begin with Ouellette's primary issue, in which she argued that the circuit court erroneously determined that she had not proven the existence of an enforceable land contract. The framework of our analysis for this issue is set forth in paragraph 37 of our opinion. *See Thompson*, No. 2021AP1087, ¶37. Under WIS. STAT. § 706.04, a party seeking enforcement of a land contract that has not been reduced to writing must satisfy two requirements. *Id.* First, the party must prove the "elements of the transaction," which we interpreted to include the contract's "material terms." *Id.*, ¶¶37, 39-40. Second, § 706.04 identifies several equitable exceptions to the statute of frauds, including unjust enrichment and equitable estoppel, and the party seeking enforcement must show that at least one of those exceptions is satisfied. *Id.*, ¶37 (citing § 706.04(1)-(3)). If the party seeking enforcement satisfies both requirements (that is, the party proves the elements of the transaction and satisfies an equitable exception), the court determines, in its discretion, whether to enforce the oral land contract. *Id.*

¶52    During the evidentiary hearing, Ouellette presented testimony and documentary evidence aimed at proving the material terms of the land contract and the equitable exceptions to the statute of frauds. *Id.*, ¶¶8-24. After Ouellette rested her case in chief, the circuit court issued an oral ruling, explaining that it would

dismiss her WIS. STAT. § 706.04 claim against the Thompsons. *Id.*, ¶¶25-26. As the court further explained, Ouellette had not satisfied the first requirement of proving the material terms of the land contract because, the court determined, she had not proven a definite agreement on the price and interest rate. *Id.*, ¶27; *see also id.*, ¶43.

¶53 In our opinion resolving this appeal, we observed that the statute did not clearly identify the material terms needed to prove the elements of a transaction, but we agreed with the circuit court that price and interest rate were material terms. *Id.*, ¶¶39, 43. We observed that Ouellette's testimony and documentary evidence, if credited, proved that the parties had reached an agreement to agree on the material terms of a land contract, and that Ouellette made house payments to the Thompsons over the course of her marriage in reliance on the existence of an agreement. *Id.*, ¶¶44-45, 67. However, we ultimately agreed with the circuit court that Ouellette's testimony and documentary evidence were insufficient to prove that the parties ever reached a definite agreement on price and interest rate. *Id.*, ¶¶46-54.

¶54 We also addressed the Thompsons' original motion for sanctions. *Id.*, ¶¶65-67. Although we agreed with the circuit court's view of the evidence and characterized Ouellette's arguments as weak, we concluded that they were not so weak as to lack "'any reasonable basis in law or equity.'" *Id.*, ¶67 (quoting *Howell*, 282 Wis. 2d 130, ¶9; WIS. STAT. RULE 809.25(3)(c)2.). The Thompsons challenge this determination on reconsideration, but nothing in the Thompsons' reconsideration motion causes us to question our analysis, whether under

RULE 809.25(3)(c)2. or under the identical standard found in WIS. STAT. § 895.044(1)(b).[12]

¶55    On reconsideration, the Thompsons also argue that Ouellette's primary issue on appeal is frivolous because she failed to adequately develop arguments about the remaining inquiries under WIS. STAT. § 706.04—that is, whether the facts satisfied one of the equitable exceptions to the statute of frauds, or whether the circuit court should exercise its discretion to enforce the oral agreement.  As we understand it, the Thompsons mean to argue that, even if Ouellette advanced a winning argument about the material terms of the land contract, to succeed on appeal she also needed to show us that the facts satisfied an exception to the statute of frauds, and that the circuit court should have exercised its discretion to enforce the oral agreement.  The Thompsons suggest that, without developed arguments on these additional points, Ouellette's primary issue on appeal was frivolous.

¶56    The Thompsons' argument on this point is unfounded.  There were ample facts in the trial record upon which the circuit court could have relied to determine that the elements of unjust enrichment or equitable estoppel were satisfied and that, in its discretion, it should enforce the land contract.  However, the circuit court did not have occasion to address either of those inquiries because it determined that Ouellette had not proven a definite agreement on the material terms of the land contract.  Had we reversed that initial determination by the circuit court on appeal,

---

[12] In their reconsideration motion, the Thompsons assert that our opinion implied that a portion of Ouellette's primary issue was frivolous.  We do not agree with this characterization of our opinion.

we would have remanded for the circuit court to determine in the first instance whether one of the equitable exceptions was satisfied, and whether it should exercise its discretion to enforce the oral land contract.[13]

## B. The Procedural Issues

¶57     We now briefly address Ouellette's procedural issues.  As mentioned, Ouellette argued that the circuit court erred when it ended the evidentiary portion of the hearing and issued its ruling before the Thompsons presented their rebuttal witnesses and evidence, *Thompson*, No. 2021AP1087, ¶¶58-61, and that the court erred by dismissing the Thompsons from the divorce proceeding. *Id.*, ¶¶62-64.

¶58     As we have mentioned, we agree with the Thompsons that those issues are frivolous.  Ouellette's attorney should have known these issues did not have any reasonable basis in law or equity, and that they could not be supported by

---

[13] Nor are we persuaded by a new argument in the Thompsons' reconsideration motion that a portion of Ouellette's reply brief demonstrates that her appeal was "continued in bad faith, solely for purposes of harassing or maliciously injuring" the Thompsons, contrary to WIS. STAT. RULE 809.25(3)(c)1. and WIS. STAT. § 895.044(1)(a).  The Thompsons quote the cited portion of Ouellette's reply brief, which responds to an argument the Thompsons advanced in their response brief, out of context.  In their response brief, the Thompsons had argued that there was no need for an equitable remedy against them because Ouellette had another avenue to recover the so-called "house payments" that she and Joseph made to the Thompsons throughout their marriage.  Specifically, the circuit court had stated that it would order Joseph to pay a money judgment to Ouellette to compensate her for these payments, which the court considered to be "marital waste." *Thompson*, No. 2021AP1087, ¶¶28, 30 n.6.  In their response brief, the Thompsons argued that this alternative avenue of recovery from Joseph meant that the "detriment so incurred" by Ouellette could "be effectively recovered otherwise than by enforcement of" the oral land contract under WIS. STAT. § 706.04(3).  In her reply brief, Ouellette responded to that argument by explaining that she would not be able to recover the house payments from Joseph because he had insufficient assets to pay a money judgment.  We do not read this portion of Ouellette's reply brief as an assertion that, as the Thompsons put it, "the law be darned," and that her dispute with Joseph "entitle[s] her to recover from whomever she [can] get it," whether or not she and Joseph entered into an agreement with the Thompsons that could be enforced under § 706.04.

a good faith argument for an extension, modification, or reversal of existing law. *See* WIS. STAT. § 895.044(1)(b); *see also* WIS. STAT. RULE 809.25(3)(c)2.

¶59 However, as we have explained, the entire appeal must be frivolous for us to award sanctions under WIS. STAT. § 895.044(5). Applying the standard from § 895.044(5) articulated above, we conclude that the procedural issues Ouellette raised were not necessary for her to succeed on the appeal. This is because Ouellette could prevail on her primary issue without prevailing on her procedural issues, and, as we have explained, her primary issue was not frivolous within the meaning of § 895.044(1)(a) or (b). When arguments for relief are made in the alternative and at least one of them is not frivolous, the presence of other alternative arguments that are frivolous does not render the appeal frivolous in its entirety.

## CONCLUSION

¶60 For the foregoing reasons, we deny the Thompsons' motion for reconsideration because the Thompsons are not entitled to an award of attorney fees under either WIS. STAT. RULE 809.25(3) or WIS. STAT. § 895.044(5). For that reason, we direct the clerk's office to deny the Thompsons' statement of costs. Neither party is entitled to costs related to this motion.

*By the Court.—*Motion denied.