**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 28, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1203**

Cir. Ct. No. **2015PR33**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

IN RE THE ESTATE OF ELIZABETH H. LAUER:

RICHARD A. LAUER,

   APPELLANT,

V.

DENNIS LAUER, PERSONAL REPRESENTATIVE FOR THE ESTATE OF
ELIZABETH H. LAUER,

   RESPONDENT.

APPEAL from orders of the circuit court for Outagamie County: GREGORY B. GILL, JR., Judge. *Affirmed and cause remanded for further proceedings*.

Before Stark, P.J., Hruz and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Richard Lauer appeals from an order that approved the final distribution of his mother Elizabeth Lauer's Estate. Richard contends that the distribution order impermissibly conditioned Richard's ability to obtain his portion of the estate upon his agreement to forgo an appeal of that order. We conclude that Richard has misconstrued the distribution order, and we affirm it.

¶2 Richard's brother, Dennis Lauer, in his capacity as the personal representative of the Estate of Elizabeth H. Lauer, moves for an award of costs and attorney fees under WIS. STAT. RULE 809.25(3) (2021-22).[1] We conclude that the appeal was frivolous in its entirety, and we therefore remand with directions that the circuit court determine the amount of attorney fees the Estate incurred on this appeal, which we direct Richard to pay.

## BACKGROUND

¶3 This matter has a lengthy procedural history involving three prior appeals, each of which resulted in the denial of a petition for review by the Wisconsin Supreme Court. The following summary does not discuss every step of the proceedings (including multiple motions for reconsideration), but it provides the general background and procedural points most relevant to the current appeal.

¶4 Elizabeth died intestate in July 2015, leaving ten adult children as potential beneficiaries, including Dennis and Richard. Dennis and Richard filed cross-petitions for administration of the Estate, each seeking to be appointed as

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

personal representative. In Richard's first appeal, No. 2016AP465, this court affirmed the circuit court's appointment of Dennis as personal representative.

¶5     On July 26, 2017, the circuit court issued a "Final Judgment" directing that, after all fees and expenses were paid, the balance of the Estate was to be divided equally among her ten children, with some adjustments for personal property that the children had previously received. The order further provided that the Estate would not be distributed "until all appeals and time to appeal have expired." That same day, the court also denied Richard's requests that the judge recuse himself and remove both Dennis as personal representative and Douglas Hahn as attorney for the Estate. Richard challenged both orders in his second appeal, No. 2017AP1790. This court dismissed Richard's second appeal without reaching the merits of his claims, however, because Richard failed to timely file a brief.

¶6     While Richard's second appeal was pending, he again sought to disqualify the circuit court judge and to remove both Dennis as personal representative and Douglas Hahn as attorney for the Estate. We affirmed the circuit court's denial of that motion in Richard's third appeal, No. 2018AP1672.

¶7     Following Richard's third appeal, Dennis petitioned for approval to distribute the Estate as contemplated in the 2017 judgment. The petition also asked the circuit court to require that each beneficiary execute an "Estate Receipt" in order to receive his or her distribution; to declare that each such receipt would constitute a waiver of the beneficiary's right to appeal the distribution order; and to order that any beneficiary who appealed or initiated any other proceedings after executing a receipt would, if unsuccessful, be responsible for costs and attorney fees incurred defending such appeal or proceeding. After holding a hearing on the

petition, the court issued the distribution order that is the subject of this appeal, which included the provisions Dennis sought regarding the execution of estate receipts.

¶8    Specifically, in addition to noting that it appeared that all appeals and times to appeal had expired, and approving the amounts of distribution set forth in an attached table, the distribution order contained the following language:

> Simultaneously with the beneficiary receiving the check for their final distribution, said beneficiary shall execute an Estate Receipt acknowledging that said beneficiary has now received his or her complete inheritance from the Elizabeth Lauer Estate. No distribution shall be given to a beneficiary until the beneficiary has executed the Estate Receipt.
>
> In order to bring finality to this [E]state, the execution of the Receipt by the beneficiary shall constitute a waiver by said beneficiary of any right to appeal this Order. This court further orders that if said beneficiary executes the Receipt and later appeals this Order, or brings any other legal proceeding against Dennis Lauer, in his capacity as Personal Representative of the [E]state, or Douglas D. Hahn or Menn Law Firm, in their capacity as attorneys for the [E]state, or against any beneficiary with respect to any matters concerning this [E]state, the party bringing such action shall be responsible for the actual attorney's fees and costs of the party or parties being sued or defending an appeal of this Order if the suing party is unsuccessful in their lawsuit or appeal.
>
> Upon all distributions being made in accordance with this Order, and the Estate Receipts being filed with the probate court, the Personal Representative shall be discharged.

¶9    Richard filed a notice of appeal seeking review of the distribution order and a subsequently issued order denying reconsideration. Richard failed to file a statement on transcript, however. This court therefore directed that the

4

appeal would proceed without waiting for the production of a transcript from the distribution approval hearing.[2]

¶10 Prior to filing his brief, Richard filed a series of motions seeking (among other things not relevant to this opinion) to have this court: (1) recuse or disqualify Judge Stark and Judge Hruz from hearing this appeal; (2) declare void and expunge this court's prior opinion dismissing appeal No. 2017AP1790 for failure to file a brief; (3) relatedly, determine that this court lacks jurisdiction over the present appeal because appeal No. 2017AP1790 was improperly dismissed; and (4) determine that this court lacks jurisdiction over the present appeal because the distribution order was conditional and not final.

¶11 We denied each of these requests for relief (and multiple additional requests for reconsideration and clarification of the same issues) in orders dated December 22, 2021; January 6, 2022; February 2, 2022; March 3, 2022; April 20, 2022; May 24, 2022, and June 14, 2022. We repeatedly explained that: (1) prior adverse rulings by Judge Stark and Judge Hruz did not demonstrate objective bias against Richard, and neither judge was subjectively biased against him; (2) we lacked jurisdiction to consider whether appeal No. 2017AP1790 was improperly dismissed because that matter was remitted following the Wisconsin Supreme Court's denial of Richard's petition for review; and (3) the distribution order was final for purposes of appeal—regardless of whether Richard's failure to comply with the directive that he execute an estate receipt might subsequently result in

---

[2] We also denied Richard's request to have the record include transcripts from a prior guardianship case involving his mother because any issues regarding the guardianship case are outside the scope of this probate case.

additional litigation—because the order disposed of all claims against the Estate initiated by Dennis's petition for administration.

¶12     While the briefing schedule was still pending, Richard filed a petition for review of this court's orders related to the impartiality of Judge Stark and Judge Hruz, the expungement of the opinion dismissing appeal No. 2017AP1790, and the finality of the distribution order.  The Supreme Court of Wisconsin denied the petition in an order dated April 13, 2022.

¶13     Richard then filed his appellant's brief in this court raising four issues:  (1) whether Judge Stark and Judge Hruz had demonstrated such "persistent animus and deep-seated antagonism" against him as to warrant their disqualification;  (2) whether the distribution order constituted a final and appealable order within the meaning of WIS. STAT. § 808.03; (3) whether the circuit court could "order a litigant to give up their adjudicated portion of [an] inheritance in [o]rder to appeal"; and (4) whether either the circuit court or this court "even have jurisdiction of this matter whereas [a]ppeal [No.] 2017AP1790 was wrongly dismissed."

¶14     In response to Richard's brief, Dennis filed contemporaneous motions seeking summary disposition of the appeal and an award of costs and attorney fees for a frivolous appeal.  Dennis argued that all of the issues raised in Richard's brief had been previously decided by this court and that Richard's continuance of this appeal after April 13, 2022, was in bad faith and without any basis in law or fact.  This court issued an order denying summary disposition and holding the motion for an award of costs and attorney fees in abeyance until after briefing had been completed.  We explained that while the first, second, and fourth issues raised in Richard's brief had been previously decided, we had not yet

addressed the third issue. We then limited the scope of Dennis's response brief to addressing the validity of the distribution order.

¶15 Richard filed a second interlocutory petition for review in which he challenged this court's order limiting the issues to be addressed in the respondent's brief. Following the denial of that petition by the Wisconsin Supreme Court (and the denial by this court of multiple additional reconsideration motions), all of the parties' briefs have now been filed.

## DISCUSSION

¶16 As a threshold matter, we reiterate our prior rulings summarized above on the questions of the impartiality of Judge Stark and Judge Hruz, the expungement of the opinion dismissing appeal No. 2017AP1790, and the finality of the distribution order for purposes of appeal. The only issues now remaining before this court are the validity of the waiver language in the distribution order and Dennis's motion for costs and attorney fees.

¶17 Richard broadly claims that the distribution order is "inconsistent with laws governing appeals as of right," is "bias laden," and is unenforceable as written. More specifically, Richard argues that the order: (1) "deprive[s] Richard of his lawful right to appeal" by conditioning the distribution of his inheritance upon a waiver of his right to appeal; (2) unfairly targets Richard while protecting the Dennis and Attorney Hahn from further litigation by either coercing Richard not to file an appeal or requiring him to pay future costs and attorney fees; and (3) "does not fully distribute the shares of the [E]state to all known heirs" and will never allow the discharge of the personal representative because it provides no

"vehicle" to distribute the funds to any beneficiary who refuses to execute a receipt.[3]

¶18     We begin by observing that the distribution order neither bars Richard from filing an appeal nor prevents him from ultimately claiming a distribution from the Estate.  Rather, the order conditions the distribution of each beneficiary's share of the Estate upon the beneficiary's execution of an estate receipt acknowledging that distribution.  The order then declares that a beneficiary's execution of an estate receipt "shall constitute a waiver by said beneficiary of any right to appeal this Order."

¶19     Construing the execution of an estate receipt to be a waiver of the right to appeal does not prevent a beneficiary from appealing the distribution order (as Richard has in fact done) and then executing an estate receipt after the appeal has concluded.  Logically, once an appeal has concluded, the language regarding waiver would have no further legal effect because there would be no right to appeal remaining to be waived.  At that point in time, executing an estate receipt under the order in this case would bear no more significance than acknowledging the receipt of a distribution in any other case.[4]

---

[3] Richard also raises several procedural challenges to the distribution order in his brief, including that he received insufficient notice of the hearing and proposed format of the [E]state receipt waiver and that the hearing should not have been held remotely.  Aside from the fact that Richard did not separately raise these claims in his statement of issues, we assume that the missing transcript would support the circuit court's decision to proceed at the hearing.  *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381.

[4] The requirement that a beneficiary execute an estate receipt in order to receive a distribution from the estate is already implicit in the probate statutes, which require a personal representative to file an estate receipt from each beneficiary within 120 days of the entry of the final judgment, or by a time extended by the circuit court.  WIS. STAT. § 863.41.  A personal representative obviously cannot fulfill that duty unless and until each beneficiary executes an estate receipt.

¶20     As a practical matter, then, the waiver provision at issue here merely affects the timing of each beneficiary's distribution by withholding the distribution until the beneficiary has either waived the right to appeal or completed an appeal. The probate statutes authorize a court to withhold funds from the final distribution of an estate "for any other reasonable purpose." WIS. STAT. §§ 863.25, 863.27. Here, Richard has failed to make the arrangements necessary to have the transcript of the distribution approval hearing included in the appellate record. We must therefore assume that the missing transcript supports the circuit court's ruling. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381.

¶21     In addition, support for the circuit court's decision to withhold funds from the immediate distribution of the Estate may be gleaned from the minutes of the distribution approval hearing and the distribution order itself. The minutes show that, prior to issuing its decision, the court found that the case had been pending in excess of five years and that Richard had raised no new issues not already decided by his prior appeals that would prevent distribution of the Estate. The distribution order then states that the purpose of the waiver provision is "to bring finality to this [E]state."

¶22     We conclude, given Richard's three prior unsuccessful appeals, that it was entirely reasonable for the circuit court to withhold funds from the distribution of the Estate to ensure that the Estate retained funds to defend against an additional appeal. *See* WIS. STAT. §§ 851.40, 857.05 (allowing reimbursement of attorney fees for the administration of estates). Moreover, after the 2017 judgment had been affirmed on appeal and no new issues affecting the calculation of the distribution amounts were presented at the distribution approval hearing, the court could reasonably consider it likely that any additional appeal would be frivolous and take measures to ensure that the costs of additional unsuccessful

claims would be borne by the person bringing them rather than further depleting the Estate.

¶23 We also reject Richard's assertions that either the waiver or attorney fees provisions unfairly targeted him. On their face, the provisions applied equally to all beneficiaries. To the extent that the circuit court may have anticipated that Richard was the only beneficiary likely to appeal or initiate additional litigation, that was a fair inference based upon Richard's prior actions throughout this case.

¶24 Next, Richard's argument that the Estate will never be closed if he refuses to execute an estate receipt fails to acknowledge that a statutory scheme already exists to handle unclaimed probate distributions. Pursuant to WIS. STAT. § 863.39(1), any legacy not claimed by a beneficiary within 120 days of the final judgment (or the time designated in the judgment), shall be paid to the Department of Revenue under the Unclaimed Property Act and thereafter may be claimed according to the escheat provisions set forth in § 863.39(3). A beneficiary's failure to claim a distribution does not prevent the probate case from being closed or the personal representative from being discharged.

¶25 Finally, we turn to Dennis's request for an award of costs and attorney fees based upon a frivolous appeal. This court may award costs, fees and attorney fees as a sanction for a frivolous appeal when: (1) the appeal was "filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another"; or (2) the party or the party's attorney knew or should have known that the appeal "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." WIS. STAT. RULE 809.25(3)(c).

¶26    We award costs and attorney fees only when we deem an appeal frivolous in its entirety. ***Thompson v. Ouellette***, 2023 WI App 7, ¶30, 406 Wis. 2d 99, 986 N.W.2d 338.    Although it is well established that a single frivolous argument will not automatically render an entire appeal frivolous, it does not follow that a single arguably meritorious argument on a nondispositive issue will necessarily save an entire appeal from a finding of frivolity. ***Id.***, ¶¶38-39, 42. An appeal is frivolous in its entirety "if any element necessary to succeed on the appeal is supported solely by an argument" that was brought in bad faith or without a reasonable basis in law. WIS. STAT. § 895.044(5).    An "element" (which includes an issue or argument) is necessary to succeed on appeal if the appellant cannot secure a reversal, a remand, or another form of relief without prevailing on that element. ***Thompson***, 406 Wis. 2d 99, ¶36.

¶27    We conclude that Richard's appeal is frivolous in its entirety.  First, Richard raised three meritless claims in his brief (i.e., the impartiality of Judge Stark and Judge Hruz, the expungement of the opinion dismissing appeal No. 2017AP1790, and the finality of the distribution order) that had already been repeatedly rejected by this court.  He should therefore have known that those claims had no basis in law.  Moreover, those three claims did not even challenge the validity of the distribution order that was the subject of this appeal.

¶28    Second, the remedy that Richard sought for his remaining challenge to the waiver provision in the distribution order was to reinstate his petition to remove Dennis, as personal representative, and Douglas Hahn, as attorney for the Estate.    That requested relief was foreclosed by Richard's prior appeal No. 2018AP1672, which upheld the circuit court's denial of the removal petition. At most, if this court had agreed that the waiver provision was invalid, we would have struck it from the distribution order, leaving the calculations as to the

amounts of the distributions intact. Because Richard raised no issue on appeal from which he could obtain the actual relief he sought and he has repeatedly raised a number of the issues on appeal without success, we conclude that the appeal was brought in bad faith.

¶29 Because we conclude that this appeal was frivolous in its entirety, we grant Dennis's motion for costs and attorney fees under WIS. STAT. RULE 809.25(3)(c). We direct Dennis to submit a standard statement of costs to the clerk of this court. The amount of attorney fees will need to be approved by the circuit court, however, because this court cannot make factual findings of that nature. We therefore remand with directions that the circuit court issue an order requiring Richard to reimburse the Estate for the attorney's fees it incurred defending this appeal. That amount may be offset from Richard's undistributed portion of the Estate.

*By the Court.*—Orders affirmed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.