COURT OF APPEALS
DECISION
DATED AND FILED

February 20, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1684**

Cir. Ct. No. **2021FA57**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

IN RE THE MARRIAGE OF:

ELSA TEVES FISHLER,

PETITIONER-RESPONDENT,

V.

ESTATE OF STEVEN VERNE FISHLER,

RESPONDENT-APPELLANT.

APPEAL from a judgment of the circuit court for Crawford County: LYNN M. RIDER, Judge. *Affirmed*.

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM. Steven Fishler appeals a judgment of divorce.[1] The issue is whether the circuit court erred by declining to enforce a marital property agreement.  We affirm.

¶2   The circuit court issued a prejudgment oral decision declining to enforce the marital property agreement after an evidentiary hearing.  The court ruled that the agreement is unenforceable because it fails to satisfy any of the three requirements for an enforceable agreement.  Those requirements are:  (1) fair and reasonable disclosure of financial status by each spouse to the other, (2) that each spouse entered into the agreement voluntarily and freely, and (3) that the property division provisions are fair to each spouse.  ***Button v. Button***, 131 Wis. 2d 84, 89, 388 N.W.2d 546 (1986).

¶3   Steven's first argument relates to the fact that he represented himself at the hearing on the marital property agreement.  However, he does not identify any claimed circuit court error on this topic, and he does not present any argument or legal authority to the effect that his self-represented status is itself a basis for relief of some kind.  In Steven's reply brief, he clarifies that he is discussing his self-represented status because he believes this status caused a weak presentation that "contributed to the court's erroneous findings."  This argument is not meaningful, however, because the findings are either erroneous or not, based on the record and regardless of a party's representation status.  Therefore, we do not further discuss this issue.

---

[1] Steven Fishler has since died and his Estate has been substituted as appellant in this appeal.  However, in this opinion, we continue to refer to the appellant as "Steven."

¶4    Steven next argues that some of the circuit court's findings of historical fact are clearly erroneous.  Steven argues that the court should not have accepted some of the testimony of respondent Elsa Fishler because it was not consistent with other evidence.

¶5    Elsa testified, in part, that she did not see the agreement before the wedding day, and that on the wedding day she saw only one page, page seven, the signature page, which was handed to her to sign, without the rest of the document. One of the circuit court's findings is that it had not been established that Elsa "was given this marital property agreement or the attachments prior to her signing page seven."  This finding is an adequate basis to conclude, as the court did, that Elsa did not enter the agreement voluntarily and freely, because she was not represented by counsel, did not have adequate time to discuss the agreement's terms, and did not fully understand the agreement.

¶6    Steven's opening brief acknowledges the existence of this finding, but makes no direct argument that the finding is clearly erroneous.  He finally addresses the finding in his reply brief, stating:  "Elsa provided no evidence that she had not seen the agreement before signing it aside from her testimony."  But her testimony is indeed evidence, and there is no legal requirement that the finding be supported by independent evidence of any kind.  Steven testified that he gave a copy to her earlier, but also acknowledges that credibility decisions are for the factfinder, and that here the circuit court stated that it generally found Elsa's testimony more credible.  Accordingly, there is no basis for us to conclude that the finding is clearly erroneous, or that the court erred in concluding that Elsa did not enter the agreement voluntarily and freely.

¶7    Steven's arguments mainly focus on other findings, but, for the reasons just discussed, it is not necessary for us to address those. The failure of a marital property agreement to satisfy any one of the three **Button** requirements makes the agreement unenforceable.

¶8    Steven also argues that a severability provision in the agreement should be applied to allow enforcement of a no-maintenance provision in the agreement. The severability provision states: "All provisions contained in this agreement are severable. In the event that any of them shall be held to be invalid by any Court, this agreement shall be interpreted as if such invalid provisions were not contained herein." This argument fails because here it was not just certain provisions that were held to be invalid, it was the entire agreement. That ruling leaves no valid provisions that remain to be severed from invalid ones.

¶9    Elsa moves for a finding that this appeal is frivolous under WIS. STAT. RULE 809.25(3)(a) and WIS. STAT. § 895.044(5).[2] For this motion to be granted, both statutes require a finding that the entire appeal is frivolous. **Thompson v. Ouellette**, 2023 WI App 7, ¶¶29-30, 406 Wis. 2d 99, 986 N.W.2d 338. Here, we do not regard Steven's entire appeal as frivolous, and, therefore, we deny the motion.

¶10    Finally, we note that Steven violated WIS. STAT. RULE 809.23(3)(a) by citing and discussing an unpublished per curiam opinion of this court, **Knutson v. Knutson**, No. 2000AP1854, unpublished slip op. (WI App. June 19, 2001). We discourage counsel from future violations of this type.

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.